## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

MIKE KLOPPEL and ADAM WILSON, on behalf
of themselves and all other similarly situated
persons,

                Plaintiffs,

     v.

SEARS HOLDINGS CORPORATION, SEARS,
ROEBUCK & COMPANY, and
HOMEDELIVERYLINK, INC.,

                Defendants.

Civil No. 6:17-cv-06296-FPG

**FIRST AMENDED CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT – CLASS ACTION

1.     Plaintiffs Mike Kloppel and Adam Wilson ("Plaintiffs) bring this class action lawsuit against Defendants Sears Holdings Corporation, Sears, Roebuck & Company, and HomeDeliveryLink, Inc. (collectively "Defendants") to recover damages under the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 160, *et seq.*, and the doctrine of unjust enrichment.

## JURISDICTION AND VENUE

2.     The Court has personal jurisdiction over the parties.  Plaintiffs and the class they seek to represent are citizens of the State of New York and/or worked for Defendants in the State of New York.  Defendants do business in the State of New York and their conduct in the State of New York underlies all of the claims in this suit.

3.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d).  Taken individually, Plaintiffs' claims exceed $75,000 and Plaintiffs' class claims in total exceed $5 million.

4.     Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff Mike Kloppel is an individual residing in Honeoye Falls, Monroe County, New York. He worked performing deliveries of Sears merchandise for Defendants from approximately June 2015 through February 2017 out of a Sears facility located in Rochester, New York.

6.     Plaintiff Adam Wilson is an individual residing in North Tonawanda, Niagara County, New York.  He worked performing deliveries of Sears merchandise for Defendants from approximately January 2012 through August 2016 primarily out of Sears facility located in Buffalo, New York, but also, at times, out of the Sears facility located in Rochester, New York.

7.     Defendant Sears Roebuck & Company is a retailer of general merchandise, tools, home appliances, clothing and automotive parts and services ("merchandise").

8.     Defendant Sears Roebuck & Company is a wholly owned subsidiary of Defendant Sears Holding Company (collectively referred to hereinafter as "Sears").

9.     Defendant Sears is a corporate entity headquartered at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

10.     Defendant HomeDeliveryLink, Inc. ("HDL") is a corporate entity headquartered at 32236 Paseo Adelanto, San Juan Capistrano, California 92675.

## FACTS

11.     Sears maintains warehouses throughout the State of New York where it stores its merchandise for delivery.

12.     Sears offers home delivery to its customers.  To carry out its deliveries in New York, Sears contracts with HDL and other intermediary companies.

13.     HDL is in the business of providing delivery of retail merchandise for its customers. HDL provides deliveries for companies such as Sears.  To carry out this central function, HDL purports to contract with individuals such as the Plaintiffs to drive a delivery truck and to delivery merchandise to, for example, Sears customers' homes pursuant to Sears' requirements.

14.     During the past six years, hundreds of individuals have performed delivery and other transportation related services for Defendants in the State of New York. These individuals are referred to herein as "New York Drivers".

15.     Plaintiffs and other New York Drivers are not free from Defendants' control and direction in performing their work.

16.     Although Defendants classified Plaintiffs, as well as the other New York Drivers, as independent contractors, the control manifested over the New York Drivers by HDL and Sears demonstrates that they are Defendants' "employees" under the NYLL. The following facts support this claim:

> a.     Plaintiffs, as well as other New York Drivers, are required to report to a facility operated and/or maintained by Sears in Rochester, New York by 6:30 a.m., six (6) days per week, at which time they are provided with a manifest of deliveries to make.
>
> b.     Plaintiffs, as well as other New York Drivers, are required to attend 5 to 30-minute morning meetings with HDL and Sears personnel where they receive instruction on aspects of deliveries such as how to assemble merchandise/equipment and how to interact with customers.

c.      Plaintiffs, as well as other New York Drivers, are instructed to load the merchandise to be delivered onto their trucks in a specific order.

d.      Plaintiffs, as well as other New York Drivers, are required to make deliveries in the order dictated by daily manifests provided to them by HDL. Plaintiffs are further required to make deliveries in two-hour time windows specified by HDL in the delivery manifests and HDL and Sears specify how long Plaintiffs are given to make each delivery.

e.      Plaintiffs, as well as other New York Drivers, are required by HDL and Sears to log the completion of each delivery throughout the day on a cellphone application.

f.      Plaintiffs, as well as other New York Drivers, are required to wear uniforms consisting of a navy shirt, black pants and black boots when making deliveries for HDL and Sears.

g.      Plaintiffs, as well as other New York Drivers, are required to carry a cell phone so that they may receive calls from HDL and Sears. HDL and Sears contact Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

h.      Plaintiffs, as well as other New York Drivers, are required to be in contact with HDL dispatchers regarding the status of deliveries, including whenever there was a problem with a delivery.

i.      Plaintiffs, as well as other New York Drivers, are required to return haul-aways, equipment that customers want removed from their homes or

businesses after delivery of new merchandise, back to the Sears facility on the same day or immediately the next morning.

j.   Plaintiffs, as well as other New York Drivers, are not permitted to use helpers to make deliveries unless those helpers have passed background checks conducted by an agent of HDL.

k.   HDL and Sears retained the right to terminate any of the delivery drivers' helpers.

l.   Plaintiffs, as well as the other New York Drivers, are not permitted to solicit Sears or HDL customers or clients, directly or indirectly, for a period of one year after termination of the driver's contract with HDL.

17.   HDL requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by HDL.

18.    HDL keeps track of Plaintiffs' performance through customer ratings and posts their scores daily. HDL will suspend Plaintiffs if their rating drops below a certain level.

19.   HDL also requires delivery drivers with which it contracts to obtain insurance, including automobile liability, commercial general liability, umbrella liability, cargo, and worker's compensation coverage, at levels dictated by HDL.

20.   HDL retained the right to terminate the contract with its delivery drivers without cause.

21.    If HDL personnel were not present, Sears personnel would provide the delivery manifests to Plaintiffs and the other New York Drivers.

22.   Sears personnel withholds delivery manifests from Plaintiffs and the other New York Drivers if (a) Sears deemed at its sole discretion that not enough drivers had arrived to the

facility or (b) HDL personnel had not yet arrived at the facility. This was a punitive action on Sears' part as it would delay Plaintiffs and the other New York Drivers from commencing their work for the day.

23.     Sears personnel keep track of customers' ratings and openly discusses these ratings with Plaintiffs and the other New York Drivers at least once per week and sometimes up to four or five times per week.  If Sears determines that a drivers' customer ratings are low, it will tell HDL or threaten the driver with termination.

24.     Plaintiffs and the other New York Drivers are required to call into Sears' customer service while they are making deliveries if customers have complaints, need to reschedule deliveries, want rebates for any reason or are upset with the service they received.

25.     Sears' customer service would then instruct Plaintiffs and the other New York Drivers on what steps to take next to satisfy the customers.

26.     Plaintiffs and the other New York Drivers generally are paid on a job-rate basis whereby they receive for each delivery a fixed amount of money paid by Defendants.

27.     Plaintiffs, as well as the other New York Drivers, performed or perform work which is in the usual course of business of Defendants – i.e., they perform delivery services and Defendant HDL is in the business of providing delivery services to of Defendant Sears' merchandise to Defendant Sears' customers.

28.     Plaintiffs, as well as the other New York Drivers, do not operate independently established trades or businesses because they are entirely dependent upon Defendants for their work, they do not negotiate with Defendants' customers regarding the rates charged for their services, and they do not contact Defendants' customers independent of HDL or Sears.

29.     Plaintiffs, as well as the other New York Drivers, are not permitted to subcontract or assign their rights under their agreement with HDL to another delivery driver.

30.     Due to the full-time nature of their work for Defendants, and because they are required to make deliveries as scheduled by Defendants, wearing a uniform required by Defendants, Plaintiffs, as well as the other New York Drivers, do not work for other entities making deliveries while they are working full-time for Defendants.

31.     HDL deducts certain expenses directly from the compensation it pays, including when HDL determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property). HDL will deduct the costs of such damage from paychecks.

32.     HDL would also deduct other expenses from the compensation it pays such as the cost of truck rental and fuel.

33.     There were also times when HDL would deduct the costs of workers' compensation insurance and general liability insurance from the compensation it paid to Plaintiffs and the other New York Drivers.

34.     Defendants unlawfully received kick-backs from Plaintiffs, as well as the other New York Drivers, and made a statement or representation that failure to provide these kick-backs would result in termination.

35.     Defendants failed to furnish Plaintiffs, as well as the other New York Drivers, with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances, deductions taken, and net wages paid.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring this lawsuit as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other individuals who, any time after April 2011, performed delivery and other transportation related services in the State of New York for Defendants on a full-time basis and who were classified by Defendants as "independent contractors" rather than as "employees".

37.     Class action treatment is appropriate because, as summarized in Paragraphs 20-25 below, all of Rule 23's requirements are satisfied.

38.     The class is so numerous that joinder of all class members is impracticable.

39.     Plaintiffs are class members, their claims are typical of the claims of other class members and they have no interests that are antagonistic to or in conflict with the interests of other class members.

40.     Plaintiffs will fairly and adequately represent the class members and their interests, and they have retained competent and experienced counsel who will effectively represent the class members' interests.

41.     Questions of law and fact are common to all class members.

42.     Common questions of law and fact predominate over questions affecting only individual class members.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### COUNT I
#### (New York Labor Law - Unlawful Wage Deductions)

44.     All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

45.     Plaintiffs and the class members have been employed by Defendants and, as such, are entitled to the NYLL's protections. See N.Y. LAB. Law § 862-b.

46.     Defendants violated the NYLL by subjecting Plaintiffs and other class members to improper deductions, charges and/or expenses that were not incurred for the benefit of Plaintiffs and other class members. See N.Y. LAB. Law § 193.

## COUNT II
### (New York Labor Law – Illegal Kickback of Wages)

47.     All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

48.     Plaintiffs and the other New York Drivers were employees of Defendants pursuant to N.Y. Lab. Law §§ 190(2) and 862-b.

49.     Defendants violated N.Y. Lab. Law § 198-b by requiring that Plaintiffs and the other New York Drivers be subject to deductions from their compensation checks for any alleged damage or problem with any delivery, as well as to deductions for insurance, uniforms, and truck lease payments, among other deductions.

## COUNT III
### (New York Labor Law –Record-Keeping Requirement Violation)

50.     All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

51.     Defendants failed to supply Plaintiffs and the other New York Drivers with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52.     Plaintiffs and the other New York Drivers are entitled to damages of $100 for each workweek that Defendants failed to provide accurate wage statements, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT IV
### (Unjust Enrichment)

53.     All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

54.     Defendants have been financially enriched by subjecting Plaintiffs and other class members to deductions, charges and/or expenses that typically are borne by employers.

55.     The financial enrichment enjoyed by Defendants has come at the expense of Plaintiffs and other class members, all of whom have borne the improper deductions, charges and/or expenses.

56.     It is against equity and good conscience to permit Defendants to retain such deductions, charges and/or expenses.

57.     Defendants should be required to reimburse Plaintiffs and all other class members for such improper deductions, charges and/or expenses under the doctrine of unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other class members, seek the following relief:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.   Designation of Plaintiffs as representatives of the <u>Rule</u> 23 Class, and counsel of record as Class Counsel;

C.   Pre-judgment interest and post-judgment interest as provided by law;

D.   Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Defendants from continuing their unlawful practices;

E.   Attorneys' fees and costs of the action;

F.   Statutory damages, as provided by N.Y. Lab. Law § 198, for Defendants' violations of N.Y. Lab. Law § 195;

G.   Issuance of a declaratory judgment that the practices complained on in this action are unlawful under N.Y. Lab. Law § 198, *et. seq.*;

H.   A reasonable incentive award for Plaintiffs to compensate them for the time they spent to recover wages for the Class and for the risks they took in doing so;

I.   Plaintiffs' and the class' damages as provided at trial, including damages for the deductions taken from their compensation checks;

J.   Application of statutory liquidated damages; and

K.   Such other and further relief as this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

      Plaintiffs demand a jury trial.

Dated: July 7, 2017                      Respectfully submitted,

                                  /s/_____
                                  Samuel Alba, Esq.
                                  FRIEDMAN & RANZENHOFFER, P.C.
                                  74 Main Street
                                  P.O. Box 31
                                  Akron, New York 14001
                                  (716) 542-5444

                                  Ravi Sattiraju, Esq.*
                                  Anthony S. Almeida, Esq.*
                                  THE SATTIRAJU LAW FIRM, P.C.
                                  116 Village Boulevard, Suite 200
                                  Princeton, New Jersey 08540
                                  (609) 799-1266

                                  Harold L. Lichten, Esq.*
                                  Shannon Liss-Riordan, Esq.*
                                  Benjamin J. Weber, Esq.*
                                  LICHTEN & LISS-RIORDAN, P.C.
                                  729 Boylston Street, Suite 2000
                                  Boston, Massachusetts 02116
                                  (617) 994-5800

                                  Plaintiff's Counsel
                                  * *Pro Hac Vice* Admission Anticipated