**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIKE KLOPPEL and ADAM WILSON, on behalf of themselves and all other persons similarly situated,<br><br>                        Plaintiffs,<br><br>                        v.<br><br>SEARS HOLDINGS CORPORATION; SEARS, ROEBUCK & COMPANY; and HOMEDELIVERYLINK, INC.,<br><br>                        Defendants. | Civil Action No. 6:17-cv-06296-FPG<br><br>*ELECTRONICALLY FILED* |

**DEFENDANTS SEARS HOLDINGS CORPORATION**
**AND SEARS, ROEBUCK AND CO.'S MEMORANDUM**
**OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

 

MORGAN, LEWIS & BOCKIUS LLP

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:   +1.215.963.5000
Facsimile:    +1.215.963.5001
Email:        michael.puma@morganlewis.com

Brendan T. Killeen
101 Park Avenue
New York, NY 10178
Telephone:   +1.212.309.6000
Facsimile:    +1.212.309.6001
Email:        brendan.killeen@morganlewis.com

*Attorney for Defendants Sears Holdings*
*Corporation and Sears, Roebuck and Co.*

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................................1

II.  PERTINENT FACTUAL ALLEGATIONS ..................................................................3

III.  LEGAL STANDARD ........................................................................................................3

IV.  ARGUMENT ....................................................................................................................4

    A.    Plaintiffs' NYLL Claims Against Sears Should Be Dismissed Because The Amended Complaint Does Not Allege That Sears Owed Plaintiffs A Contractual Right To Wages. ...................................................................................4

    B.    Plaintiffs' Wage Deduction And Kick-Backs Claims Against Sears Should Be Dismissed Because The Amended Complaint Does Not Allege Any Facts Sufficient To State A Claim For Relief Against Sears. ...............................6

    C.    Plaintiffs' Unjust Enrichment Claim Against Sears Should Be Dismissed Because It Is Wholly Derivative Of Their Wage Deductions And Kick-backs Claims And, Alternatively, Because Plaintiffs Contend That Their Relationship Is Governed By A Contract. ............................................................9

V.  CONCLUSION ................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 4

*Burgos v. Grenier*,
   No. 13-CV-6533-FPG, 2014 WL 3749651 (W.D.N.Y. July 29, 2014) (Geraci,
   Jr., C.J.) ............................................................................................................................ 4

*Chevalier v. Civil Serv. Emps. Ass'n, Inc.*,
   No. 1:10-CV-446 FJS DRH, 2011 WL 1298739 (N.D.N.Y. Mar. 31, 2011) .................... 8

*Clark-Fitzpatrick, Inc. v. L.I.R.R. Co.*,
   70 N.Y.2d 382 (1987) ...................................................................................................... 9

*Goldberg v. Jacquet*,
   667 F. App'x 313 (2d Cir. 2016) .................................................................................. 7, 8

*Goldberg v. Jacquet*,
   No. 1:14-cv-01581-PAC, 2015 WL 5172939 (S.D.N.Y. Sept. 3, 2015), *aff'd*,
   667 F. App'x 313 (2d Cir. 2016) ...................................................................................... 7

*Johnson et al. v. Diakon Logistics et al.*,
   No. 1:16-cv-06776, Dkt. Nos. 37 and 40 (N.D. Ill) .......................................................... 3

*King v. Crossland Sav. Bank*,
   111 F.3d 251 (2d Cir. 1997) ............................................................................................. 5

*Komlossy v. Faruqi & Faruqi, LLP*,
   No. 15 CIV. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017), *appeal
   filed*, No. 17-834 (2d Cir. Mar. 24, 2017) ........................................................................ 5

*Kone v. Joy Constr. Corp.*,
   No. 15CV1328-LTS, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) .................................... 7

*Kramer v. Pollock-Krasner Found.*,
   890 F. Supp. 250 (S.D.N.Y. 1995) ................................................................................... 9

*MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*,
   157 F.3d 956 (2d Cir. 1998) ............................................................................................. 9

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ....................................................................................................... 3

*Raske v. Next Mgmt., LLC*,
  40 Misc. 3d 1240, 977 N.Y.S.2d 669 (Sup. Ct. Sept. 12, 2013) ............................................. 10

*Simas v. Merrill Corp.*,
  No. 02 CIV.4400 RCC, 2004 WL 213013 (S.D.N.Y. Feb. 4, 2004) .................................. 5, 10

*Tierney v. Capricorn Inv'rs, L.P.*,
  189 A.D.2d 629 (1st Dep't 1993) ...................................................................................... 4, 5

**STATUTES**

NYLL § 193 ............................................................................................................... 4, 5, 6, 7

NYLL § 195 ............................................................................................................................ 4

NYLL § 198-b ................................................................................................................ 4, 6, 8

Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (incorrectly identified in the First Amended Complaint as Sears, Roebuck & Company) (together, "Sears") respectfully move this Court for an order dismissing, with prejudice, Plaintiffs Mike Kloppel and Adam Wilson's ("Plaintiffs") First Amended Complaint ("Amended Complaint"), as it relates to Sears, for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Despite naming Sears as a defendant in this case, Sears is conspicuously absent from any factual allegations in Plaintiffs' Amended Complaint that could give rise to a claim for relief. Plaintiffs allege that both Sears and Defendant HomeDeliveryLink, Inc. ("HDL") violated three separate provisions of the New York Labor Law ("NYLL").  Specifically, Plaintiffs claim that Sears and HDL took illegal deductions (Count I, the "wage deductions claim") and "kick-backs" (Count II, the "kick-backs claim") from their wages and failed to provide them with accurate wage statements (Count III, the "wage statement" claim).  Plaintiffs further allege unjust enrichment (Count IV) against all Defendants.  But Plaintiffs' allegations against Sears consist entirely of these conclusory assertions and are wholly insufficient to survive dismissal.  As discussed more fully below, the Amended Complaint against Sears should be dismissed for three reasons.

*First*, to state a claim under Article 6 of the NYLL (which is the basis for Plaintiffs' NYLL claims), a plaintiff must make a threshold allegation that he or she is owed wages by the defendant pursuant to a contract or agreement.  Plaintiffs do not – and cannot – make this assertion against Sears.  Indeed, the only contract or agreement that the Amended Complaint references at all is one between Plaintiffs and HDL.  Thus, Plaintiffs' NYLL claims (*i.e.*, the wage deductions, kick-backs, and wage statement claims) fail as a matter of law on this basis alone.

1

*Second*, Plaintiffs' wage deductions and kick-backs claims alternatively fail (as they relate to Sears) because, in support of those claims, Plaintiffs proffer a grand total of three factual allegations – *not one of which even mentions Sears*:

> 31.    *HDL* deducts certain expenses directly from the compensation it pays, including when *HDL* determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property). *HDL* will deduct the costs of such damage from paychecks.
>
> 32.    *HDL* would also deduct other expenses from the compensation it pays such as the cost of truck rental and fuel.
>
> 33.    There were also times when *HDL* would deduct the costs of workers' compensation insurance and general liability insurance from the compensation it paid to Plaintiffs and the other New York Drivers.

Am. Compl. ¶¶ 31-33 (emphases added). As is plainly evident from the face of Plaintiffs' Amended Complaint, there is no factual allegation in the Amended Complaint that plausibly suggests that Plaintiffs have a claim to relief against *Sears* for their wage deductions and kick-backs claims. Accordingly, Plaintiffs' wage deductions and kick-backs claims against Sears should be dismissed.

*Third*, Plaintiffs' unjust enrichment claim should be dismissed, as it relates to Sears, for two reasons, each of which is an independent basis for dismissal. As an initial matter, this claim is wholly derivative of Plaintiffs' wage deductions and kick-backs claims and, therefore, fails for the same reasons fatal to those claims as set forth above (namely, the lack of factual allegations to tie these claims to Sears). Alternatively, quasi-contract claims – such as those for unjust enrichment – may only proceed in the absence of an express agreement. Here, because Plaintiffs allege that their claims arise out of an express contract with HDL, their unjust enrichment claim is barred. For both (or either) of these independent reasons, Plaintiffs' unjust enrichment claim against Sears should be dismissed.

2

## II.     PERTINENT FACTUAL ALLEGATIONS

HDL contracts with various companies (one of which Plaintiffs allege is Sears)[1] to provide delivery of retail merchandise to customers' homes.  Am. Compl. ¶ 13.  Plaintiffs entered into contracts with HDL (not Sears) to perform delivery services.  *See id.* ("HDL purports to contract with individuals such as the Plaintiffs to drive a delivery truck and to delivery [*sic*] merchandise . . . .").  Notably, Plaintiffs do not allege that they entered into a contract or agreement with Sears.

Plaintiffs allege that HDL (not Sears) "deducts certain expenses directly from the compensation it pays [them]" and that there were times when HDL (not Sears) "would deduct the costs of workers' compensation insurance and general liability insurance" from their compensation.  *Id.* ¶¶ 31-33.  Plaintiffs' NYLL and unjust enrichment claims against both Sears and HDL are based solely on those allegations, neither of which implicates Sears.  *See generally id.*

## III.    LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding" and eliminating baseless claims.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  Thus, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[1] Although not material to the instant Motion, Plaintiffs' allegation that Sears contracts with HDL is simply incorrect.  HDL contracts with Innovel Solutions, Inc. ("Innovel") to provide delivery services for customers of Sears and other retailers.  Plaintiffs' counsel (Harold L. Lichten) is well aware of this fact, as he is counsel to the plaintiffs in a similar lawsuit in which the plaintiffs recently amended their complaint to add Innovel as a defendant.  *See Johnson et al. v. Diakon Logistics et al.*, No. 1:16-cv-06776, Dkt. Nos. 37 and 40 (N.D. Ill).  If Plaintiffs' claims against Sears survive this Motion, Sears will assert as an additional defense that it is not a proper defendant and seek summary judgment on this basis, among others.

To survive a motion to dismiss, a complaint must contain enough facts to state a claim to relief that is "plausible" on its face. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 662. A complaint that consists of "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Burgos v. Grenier*, No. 13-CV-6533-FPG, 2014 WL 3749651, at *1 (W.D.N.Y. July 29, 2014) (Geraci, Jr., C.J.) (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557) (quotations omitted).

## IV. ARGUMENT

### A. Plaintiffs' NYLL Claims Against Sears Should Be Dismissed Because The Amended Complaint Does Not Allege That Sears Owed Plaintiffs A Contractual Right To Wages.

Plaintiffs' wage deductions, kick-backs, and wage statement claims are all brought under different provisions of Article 6 of the NYLL. *See* Am. Compl. ¶ 46 (wage deductions claim brought under NYLL Section 193); *id.* ¶ 49 (kick-backs claim brought under NYLL Section 198-b); *id.* ¶ 51 (wage statement claim brought under NYLL Section 195). It is black letter law in New York that a "plaintiff cannot assert a statutory claim for wages under the Labor Law [*i.e.*, an Article 6 claim] if he has no enforceable contractual right to those wages." *Tierney v. Capricorn Inv'rs, L.P.*, 189 A.D.2d 629, 632 (1st Dep't 1993). In *Tierney*, the Appellate Division held that the trial court erred by refusing to dismiss a cause of action for alleged unpaid wages that the plaintiff claimed he was promised by his employer because the plaintiff failed to adequately allege that he had a *contractual* right to the wages. *Id.*

Because this question – that is, whether a plaintiff bringing claims under Article 6 of the NYLL must allege that he or she is owed wages pursuant to a contract or agreement – is one of state law, New York federal courts are "bound to apply state substantive law" when answering it. *See, e.g.*, *King v. Crossland Sav. Bank*, 111 F.3d 251, 255 (2d Cir. 1997). Indeed, the Second

4

Circuit heeded *Tierney*'s guidance in *O'Grady v. BlueCrest Capital Mgmt. LLP*. In *O'Grady*, the Second Circuit relied on *Tierney* in affirming the dismissal of a claim for alleged unlawful deductions under NYLL Section 193 because "[t]he failure of [plaintiff's] contract claim also necessarily defeats his wage claim." 646 F. App'x 2, 4 (2d Cir. 2016). District Courts in the Southern District of New York – both before and after *O'Grady* – have similarly so held. *See Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033, at *12 (S.D.N.Y. Feb. 23, 2017), *appeal filed*, No. 17-834 (2d Cir. Mar. 24, 2017) (citing *O'Grady* and dismissing claim for unlawful deductions under NYLL Section 193 because "[plaintiff] has no enforceable contractual right" to the wages from which the alleged deductions were taken); *Simas v. Merrill Corp.*, No. 02 CIV.4400 RCC, 2004 WL 213013, at *3 (S.D.N.Y. Feb. 4, 2004) (holding that "a claim under Article 6 [of the NYLL] rises and falls with [a] plaintiff's claim for breach of contract," and thus "[f]ailure to establish a contractual right to wages necessarily precludes a statutory claim under [Article 6 of] New York's labor law").

Here, the Amended Complaint alleges that Plaintiffs were parties to contracts with HDL (not Sears). *See* Am. Compl. ¶ 13 ("*HDL* purports to contract with individuals such as the Plaintiffs . . . .") (emphasis added); *id.* ¶ 29 ("Plaintiffs . . . are not permitted to subcontract or assign their rights under their agreement with *HDL* to another delivery driver.") (emphasis added). There is no allegation that the purported contract – or *any* contract – existed between Plaintiffs and Sears – nor could there be given that none exists.

Because Plaintiffs have failed to allege any contractual right to wages owed by Sears, their claims against Sears under Article 6 of the NYLL (Counts I, II, and III) must be dismissed.

5

### B. Plaintiffs' Wage Deduction And Kick-Backs Claims Against Sears Should Be Dismissed Because The Amended Complaint Does Not Allege Any Facts Sufficient To State A Claim For Relief Against Sears.

Even if Plaintiffs sufficiently alleged that they had a contractual right to wages from Sears, which they unquestionably have not, their wage deductions and kick-backs claims against Sears nonetheless should be dismissed because the Amended Complaint lacks factual allegations that Sears participated in the alleged violations.

The wage deductions claim is brought under NYLL Section 193, which provides that "[n]o employer shall make any deduction from the wages of an employee."[2] The kick-backs claim is brought under NYLL Section 198-b, which provides that "it shall be unlawful for any person . . . to request, demand, or receive . . . a return, donation or contribution of any part or all of [an] employee's wages . . . upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment." Taken together, Plaintiffs' theory is that there were unlawful deductions from their wages combined with a "statement or representation" that their "employment" would be terminated if they did not coalesce to those deductions. But the only factual allegations offered to support the wage deductions and kick-backs claims are in Paragraphs 31-33 of the Amended Complaint, which state:

> 31.   *HDL* deducts certain expenses directly from the compensation it pays, including when *HDL* determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property). *HDL* will deduct the costs of such damage from paychecks.
>
> 32.   *HDL* would also deduct other expenses from the compensation it pays such as the cost of truck rental and fuel.

---

[2] NYLL Section 193 provides for certain exceptions to the prohibition against deductions, but they are not relevant to the instant Motion. If this claim were to survive this Motion, Sears anticipates asserting – and reserves the right to assert – any and all additional defenses following discovery.

> 33.  There were also times when *HDL* would deduct the costs of workers' compensation insurance and general liability insurance from the compensation it paid to Plaintiffs and the other New York Drivers.

Am. Compl. ¶¶ 31-33 (emphases added).  Sears is entirely absent from these allegations.[3]

To state a claim under NYLL Section 193, a plaintiff must allege that a defendant made a "*specific* deduction that constitutes the alleged violation." *Kone v. Joy Constr. Corp.*, No. 15CV1328-LTS, 2016 WL 866349, at *4 (S.D.N.Y. Mar. 3, 2016) (emphasis added) (dismissing NYLL Section 193 claim because "[p]laintiffs simply allege that [d]efendants made unlawful deductions in wages owed to [p]laintiffs").  Indeed, the Second Circuit recently affirmed the dismissal of a Section 193 claim because the plaintiff failed to "allege a specific deduction from wages" by the defendant, and instead simply alleged that he did not receive wages to which he was entitled.  *See Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016).[4]

In *Goldberg*, the plaintiff actually did *more* to set forth an unlawful deductions claim than did Plaintiffs here.  The plaintiff in *Goldberg* alleged that "Defendant made unlawful monthly deductions from [the plaintiff's] earned base salary to cover general business and operating costs, including overhead, of the Company, with the explicit promise that those monies – totaling approximately $116,500 – were nevertheless owed

---

[3] This omission was not by accident, as Plaintiffs take care to expressly reference Sears in other areas of the Amended Complaint. *See, e.g.*, Am. Compl. ¶ 21 ("If HDL personnel were not present, *Sears* personnel would provide the delivery manifests to Plaintiffs . . . .") (emphasis added); *id.* ¶ 23 ("*Sears* personnel keep track of customers' ratings and openly discusses these ratings with Plaintiffs . . . at least once per week . . . .") (emphasis added).

[4] While the *Goldberg* decision was made at summary judgment, the district court's decision was largely focused on the inadequacy of the plaintiff's *allegations*. *See Goldberg v. Jacquet*, No. 1:14-cv-01581-PAC, 2015 WL 5172939, at *3 (S.D.N.Y. Sept. 3, 2015), *aff'd*, 667 F. App'x 313 (2d Cir. 2016) ("Goldberg's effort to explain why his *allegations* of deductions are different from a failure to pay wages is meritless." (emphasis added)).

and would be paid by an (ever-expanding) date certain." *See, e.g.*, *Goldberg* Complaint ¶ 12 (attached to the Declaration of Brendan T. Killeen ("Killeen Declaration"), filed herewith, as Exhibit A); *see also id.* ¶ 14 ("Beginning in July 2012, Defendant increased his unlawful deductions from [the plaintiff's] bi-monthly wages by an amount equal to approximately one-fourth of his agreed upon salary, with the withheld wages being applied to the Company's general business and operating costs."). The *Goldberg* plaintiff, in other words, alleged: that the *defendant* made the deductions; for what purpose the deductions were made; from where the deductions were made; and how much the deductions totaled. In contrast, Plaintiffs fall far short of alleging any facts even suggesting that Sears made deductions.

Similarly, the text of the NYLL's prohibition on kick-backs is dispositive, providing that "it shall be unlawful for any person . . . to *request*, *demand*, or *receive* . . . a return, donation or contribution of any part or all of [an] employee's wages." NYLL § 198-b (emphasis added); *see also Chevalier v. Civil Serv. Emps. Ass'n, Inc.*, No. 1:10-CV-446 FJS DRH, 2011 WL 1298739, at *10 (N.D.N.Y. Mar. 31, 2011) ("To violate section 198–b, it is clear that the employer must *request* or *demand* that an employee return ('kick back') his wages.") (emphasis added). There is no factual allegation in Plaintiffs' Amended Complaint that *Sears* (in contrast to HDL, Plaintiffs' alleged actual employer) "request[ed], demand[ed], or receiv[ed]" the alleged kick-backs. Indeed, Plaintiffs fail to make even a conclusory assertion of this, much less set forth factual allegations sufficient to survive a motion to dismiss.

For these additional reasons, Plaintiffs' wage deductions (Count I) and kick-backs (Count II) claims against Sears should be dismissed.

8

### C. Plaintiffs' Unjust Enrichment Claim Against Sears Should Be Dismissed Because It Is Wholly Derivative Of Their Wage Deductions And Kick-backs Claims And, Alternatively, Because Plaintiffs Contend That Their Relationship Is Governed By A Contract.

Plaintiffs also fail to state a claim of unjust enrichment against Sears, for two independent reasons.

*First*, the unjust enrichment claim depends entirely on Plaintiffs' flawed wage deductions and kick-backs claims. *See* Am. Compl. ¶ 54 ("Defendants have been financially enriched by subjecting Plaintiffs . . . to deductions, charges, and/or expenses that typically are borne by employers."). As set forth above, there is no factual allegation that *Sears* took the alleged "deductions, charges, and/or expenses." *See supra* at 6-8. Because Plaintiffs' wage deductions and kick-backs claims fail, their derivative unjust enrichment claim thus fails as well. *See Kramer v. Pollock-Krasner Found.*, 890 F. Supp. 250, 257 (S.D.N.Y. 1995) ("[B]ecause [the plaintiff's] unjust enrichment claim hinges on practices claimed by plaintiff to be illegal, and because the allegations of illegality in the complaint fail, the unjust enrichment claim must be dismissed."); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MD 2058 PKC, 2013 WL 1777766, at *15 (S.D.N.Y. Apr. 25, 2013) ("Because [the plaintiff's] unjust enrichment claim is premised on defendants' violation of their fiduciary duties, and the breach of fiduciary duty claim is dismissed, [the plaintiff's] unjust enrichment claim is dismissed as well.").

*Second*, quasi-contract claims (such as unjust enrichment) may only be brought in the absence of an express agreement. *See, e.g.*, *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 964 (2d Cir. 1998) (holding that plaintiff was precluded from pursuing unjust enrichment claim where agreement existed covering conduct in question); *Clark-Fitzpatrick, Inc. v. L.I.R.R. Co.*, 70 N.Y.2d 382, 388 (1987) (upholding dismissal of quasi-contract claims because

9

such claims only apply in the absence of an express agreement). This is true even where a plaintiff has not specifically asserted a breach-of-contract claim, like Plaintiffs here (perhaps in an effort to avoid this argument fatal to their unjust enrichment claim). *See Raske v. Next Mgmt., LLC*, 40 Misc. 3d 1240, 977 N.Y.S.2d 669 (Sup. Ct. Sept. 12, 2013) (unpublished) (holding that plaintiff's unjust enrichment claim was foreclosed as matter of law by the existence of contracts between models and modeling agencies despite the fact that plaintiff had not asserted breach-of-contract claim). Here, Plaintiffs allege that they performed delivery services for HDL pursuant to their contracts with HDL. Am. Compl. ¶ 13. Given the absence of any other alleged contract, Plaintiffs necessarily allege that the services provided allegedly for Sears were pursuant to the same contract.[5] That contract bars Plaintiffs' "quasi-contract" unjust enrichment claim.

In sum, Plaintiffs' unjust enrichment claim against Sears must be dismissed on this basis as well.

## V.    CONCLUSION

For the reasons set forth above, Sears respectfully requests that this Court enter an order dismissing, with prejudice, all claims in Plaintiffs' Amended Complaint directed at Sears. Sears does not concede that the claims against HDL are viable but instead defers to HDL to address them.

---

[5] Alternatively, if Plaintiffs admit that there is no agreement at all that governs their relationship with Sears, then that is grounds to dismiss their wage deductions and kick-backs claims as discussed *supra* at 4-5. *See Simas*, 2004 WL 213013, at *2.

Dated:  July 21, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

s/ *Brendan T. Killeen*
Michael J. Puma
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
Email: michael.puma@morganlewis.com

Brendan T. Killeen
101 Park Avenue
New York, NY 10178
Telephone: +1.212.309.6000
Facsimile: +1.212.309.6001
Email: brendan.killeen@morganlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed with the Court and served via its ECF/CM system, on July 21, 2017, upon the following:

Samuel Alba, Esq.
FRIEDMAN & RANZENHOFER, P.C.
74 Main Street
PO Box 31
Akron, NY 14001

Ravi Sattiraju, Esq.
Anthony S. Almeida, Esq.
THE SATTIRAJU LAW FIRM, P.C.
116 Village Boulevard, Suite 200
Princeton, NJ 08540

Harold L. Lichten, Esq.
Shannon Liss-Riordan, Esq.
Benjamin J. Weber, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

*Attorneys for Plaintiffs*

/s/ Brendan T. Killeen
Brendan T. Killeen