**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIKE KLOPPEL and ADAM WILSON, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION; SEARS, ROEBUCK & COMPANY; and HOMEDELIVERYLINK, INC.,<br><br>Defendants. | Civil Action No.  6:17-cv-06296-FPG<br><br>*ELECTRONICALLY FILED* |

**DEFENDANTS SEARS HOLDINGS CORPORATION**
**AND SEARS, ROEBUCK AND CO.'S REPLY MEMORANDUM**
**OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

MORGAN, LEWIS & BOCKIUS LLP

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:      +1.215.963.5000
Facsimile:      +1.215.963.5001
Email:          michael.puma@morganlewis.com

Brendan T. Killeen
101 Park Avenue
New York, NY 10178
Telephone:      +1.212.309.6000
Facsimile:      +1.212.309.6001
Email:          brendan.killeen@morganlewis.com

*Attorneys for Defendants Sears Holdings*
*Corporation and Sears, Roebuck and Co.*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 3

    A.    Plaintiffs' Joint Employment Allegations Do Not Relieve Them Of Their Burden To Allege Facts Sufficient To State A Claim For Relief Against Sears. ................................................................................................................ 3

    B.    Plaintiffs' Joint Employment Allegations Do Not Create A Contractual Right To Wages. ................................................................................................ 6

    C.    Plaintiffs' Unjust Enrichment Claim Must Be Dismissed Because It Is Wholly Derivative Of Their Statutory Claims. ..................................................... 8

III.   CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

CASES

*Amaya v. Garden City Irrigation, Inc.*,
  645 F. Supp. 2d 116 (E.D.N.Y. 2009) ............................................................1, 4, 5

*Ansoumana v. Gristede's Operating Corp.*,
  255 F. Supp. 2d 184 (S.D.N.Y. 2003).......................................................................4

*Anthem, Inc. v. Express Scripts, Inc.*,
  No. 16 CIV. 2048 (ER), 2017 WL 1134765 (S.D.N.Y. Mar. 23, 2017)..................10

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008)......................................................................................4

*Beare v. Millington*,
  No. 07-CV-3391 TLM, 2014 WL 1236750 (E.D.N.Y. Mar. 25, 2014), *aff'd
  sub nom. Harris v. Millington*, 613 F. App'x 56 (2d Cir. 2015).............................10

*Bowring v. Sapporo U.S.A., Inc.*,
  234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) .............................................................9

*Burton v. Freescale Semiconductor, Inc.*,
  798 F.3d 222 (5th Cir. 2015) ....................................................................................5

*Gordon v. Hain Celestial Grp., Inc.*,
  No. 16-CV-6526 (KBF), 2017 WL 213815 (S.D.N.Y. Jan. 18, 2017)....................9

*Johnson v. Carlo Lizza & Sons Paving, Inc.*,
  160 F. Supp. 3d 605, 615 (S.D.N.Y. 2016)...............................................................7

*Kamdem-Ouaffo v. Pepsico, Inc.*,
  No. 14-CV-227 KMK, 2015 WL 1011816 (S.D.N.Y. Mar. 9, 2015)......................10

*Kone v. Joy Constr. Corp.*,
  No. 15-1328, 2016 Wl 866349, at *4 (S.D.N.Y. Mar. 3, 2016) ...............................3

*Nelson v. MillerCoors, LLC*,
  246 F. Supp. 3d 666 (E.D.N.Y. 2017) ......................................................................9

*O'Grady v. BlueCrest Capital Mgmt. LLP*,
  646 F. App'x 2 (2d Cir. 2016) ...................................................................................6

*Padovano v. FedEx Ground Package System, Inc.*
  No. 16-cv-17-FPG, 2016 WL 7056574 (W.D. N.Y. Dec. 5, 2016).......................8, 9

*Paz v. Piedra*,
No. 09CIV03977LAKGWG, 2012 WL 12518495 (S.D.N.Y. Jan. 12, 2012) ..........................4

*Simas v. Merrill Corp.*,
No. 02 CIV.4400 RCC, 2004 WL 213013 (S.D.N.Y. Feb. 4, 2004) .........................................6

*Sosa v. Medstaff, Inc.*,
No. 12 CIV. 8926 NRB, 2013 WL 6569913 (S.D.N.Y. Dec. 13, 2013) ..............................2, 5

*Teri v. Spinelli*,
980 F. Supp. 2d 366 (E.D.N.Y. 2013) ......................................................................................4

*Tierney v. Capricorn Inv'rs, L.P.*,
189 A.D.2d 629 (1st Dep't 1993) .............................................................................................6

*Torres-Negron v. Merck & Co., Inc.*,
488 F.3d 34 (1st Cir. 2007) .......................................................................................................5

*Wade v. Woodland Commons, LLC*,
No. 1:09-CV-1426, 2012 WL 929839 (N.D.N.Y. Mar. 19, 2012) ............................................4

*Whitaker v. Milwaukee Cty.*,
772 F.3d 802 (7th Cir. 2014) .....................................................................................................5

## STATUTES

Americans with Disabilities Act ......................................................................................................5

Fair Labor Standards Act .................................................................................................................4

New York Labor Law .............................................................................................................. passim

New York Minimum Wage Act................................................................................................ passim

Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (incorrectly identified in the First Amended Complaint as Sears, Roebuck & Company) (together, "Sears") respectfully submit this Reply Memorandum of Law in Further Support of Their Motion to Dismiss Plaintiffs Mike Kloppel and Adam Wilson's ("Plaintiffs") First Amended Complaint ("Amended Complaint"), as it relates to Sears, for failure to state a claim upon which relief can be granted.

## I.     INTRODUCTION

Sears's Motion to Dismiss is premised on a simple proposition:  that Plaintiffs' Amended Complaint does not allege a single fact as to Sears that could give rise to a claim for relief against Sears.  *See generally* Sears's Memorandum of Law in Support of its Motion to Dismiss, Dkt. 13 ("Opening Br.").  Plaintiffs admit this point, stating that "Sears is not alleged to have directly participate[d] in the alleged violations."  Plaintiffs' Response to Sears's Motion to Dismiss, Dkt. 23 ("Pls.' Resp.") at 26.  Consequently, instead of identifying a factual allegation that suggests that Sears violated the law, Plaintiffs devote the majority of their Response to arguing that they have adequately alleged that Sears, along with HomeDeliveryLink, Inc. ("HDL"), was their "joint employer" – a claim that Sears has not challenged, though vehemently denies[1] – and make several arguments based on their misguided belief that merely alleging joint employment status is sufficient to impute each of their allegations that *HDL* violated the law to Sears.  Plaintiffs' arguments fail for several reasons.

*First*, Plaintiffs argue that any entity that jointly employs a worker is liable for any alleged illegal employment action taken by the other joint employer.  That is simply not the law. *See Amaya v. Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116, 122–23 (E.D.N.Y. 2009) ("[A]

---

[1] For purposes of this Motion only, Sears accepts as true the premise that Sears jointly employed Plaintiffs.

finding that two companies are an employee's 'joint employers' only affects each employer's liability to the employee *for their own actions, not for each other's actions*." (emphasis added) (internal citations omitted)); *Sosa v. Medstaff, Inc.*, No. 12 CIV. 8926 NRB, 2013 WL 6569913, at *3 (S.D.N.Y. Dec. 13, 2013) (granting defendant's motion to dismiss Title VII claim because "*the conduct of one [joint] employer cannot necessarily be imputed to the other*" (emphasis added)).

*Second*, Plaintiffs ask this Court to ignore their failure to plead that they are contractually owed the wages they seek – despite routine dismissal by courts of Article 6 of the New York Labor Law ("NYLL") claims for such a failure.  Without citing any authority for their novel proposition, Plaintiffs argue that this rule, which has been endorsed by the Second Circuit and the New York Appellate Division, should not apply in cases where joint employment status is pled.  Alternatively, Plaintiffs say that they *have* pled a contractual right to the wages sought because they have pled that they are "third-party beneficiaries" to a contract between Sears and HDL.  But there is not a single allegation in the Amended Complaint to suggest that Plaintiffs are even mentioned in – let alone the intended beneficiaries of – any such contract.  Lastly, and again alternatively and without any supporting authority, Plaintiffs posit that this Court should narrow the well-settled rule and hold that it applies only in cases in which the plaintiffs seek commissions and bonuses.

*Third*, Plaintiffs fail to respond to Sears's argument that their unjust enrichment claim is wholly derivative of their NYLL statutory claims and, therefore, fails for the same reasons.

Accordingly, and as set forth in detail below and in Sears's Opening Brief, Plaintiffs' claims must be dismissed.

II.     **ARGUMENT**

   A.     **Plaintiffs' Joint Employment Allegations Do Not Relieve Them Of Their Burden To Allege Facts Sufficient To State A Claim For Relief Against Sears.**

   Plaintiffs' "Point I" and "Point III," taken together, can be distilled as follows: Plaintiffs "have adequately plead [*sic*] Sears was their joint employer" (Pls.' Resp. at 15) and, therefore, Sears "can be held 'jointly and severally' liable for Co-Defendant HDL's direct statutory violations." Point III, Pls.' Resp. at 28. Neither Point relieves Plaintiffs of their obligation to allege facts that *Sears* participated in the alleged violations.

   As an initial matter, Plaintiffs' argument that they have adequately alleged that Sears was their joint employer is nothing more than an irrelevant smoke screen. Sears did not move to dismiss Plaintiffs' claims because of their failure to plead joint employment. Rather, Sears moved to dismiss Plaintiffs' wage deductions and kick-backs claims against Sears because the *only* factual allegations offered to support those claims relate *solely* to HDL. *See* Opening Br. at 6-8; *Kone v. Joy Constr. Corp.*, No. 15-1328, 2016 Wl 866349, at *4 (S.D.N.Y. Mar. 3, 2016) (dismissing NYLL Section 193 claim because plaintiff did not allege that a defendant made a "specific deduction that constitutes the alleged violation"). Rather than counter this by establishing that they *have* asserted claims against Sears, Plaintiffs actually admit that they have failed to do so. Pls.' Resp. at 26. Nonetheless, Plaintiffs suggest that they may keep Sears in this lawsuit merely by pleading joint employment status. Plaintiffs are wrong.

Plaintiffs rely solely on inapposite cases involving minimum wage and overtime claims. *See* Pls.' Resp. at 25.[2]  The plaintiffs in those cases had viable claims for relief against the purported joint employers because *all* employers – *including* joint employers – are "responsible for assuring that [their employees] were paid the wages required by the [Fair Labor Standards Act] and the New York Minimum Wage Act as a condition of their employment."  *See, e.g.*, *Ansoumana*, 255 F. Supp. 2d at 195.  Accordingly, by alleging that they were not paid those required wages and that the defendants were their respective employers, the plaintiffs in those cases had stated a claim for relief under the Fair Labor Standards Act and the New York Minimum Wage Act.

Here, on the other hand, there is no allegation that Sears (or HDL) failed to pay Plaintiffs minimum wage or proper overtime compensation.  Rather, Plaintiffs allege specific illegal, *overt* acts taken by HDL – namely, that *HDL* took illegal deductions (Count I, the "wage deductions claim") and "kick-backs" (Count II, the "kick-backs claim") from their wages and that *HDL* failed to provide them with accurate wage statements (Count III, the "wage statement claim").  Plaintiffs do not allege that Sears took part in, knew of, or even should have known of the alleged illegal acts.  To impose liability on Sears for these alleged illegal acts by HDL would create a rule that a company is strictly liable for the alleged employment law violations of any entity with which it jointly employs individuals.  Courts in this Circuit and outside it have uniformly and expressly rejected such a rule.  *See Amaya*, 645 F. Supp. 2d at 122-23 ("[A]

---

[2] *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 185 (S.D.N.Y. 2003) (alleging failure to pay minimum wage and overtime); *Paz v. Piedra*, No. 09CIV03977LAKGWG, 2012 WL 12518495, at *1 (S.D.N.Y. Jan. 12, 2012) (alleging failure to pay minimum wage and overtime); *Wade v. Woodland Commons, LLC*, No. 1:09-CV-1426, 2012 WL 929839, at *1 (N.D.N.Y. Mar. 19, 2012) (alleging failure to pay overtime); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 136 (2d Cir. 2008) (alleging failure to pay overtime); *Teri v. Spinelli*, 980 F. Supp. 2d 366, 368 (E.D.N.Y. 2013) (alleging failure to pay overtime).

finding that two companies are an employee's 'joint employers' only affects each employer's liability to the employee *for their own actions, not for each other's actions*." (internal citations omitted) (emphasis added)); *Sosa*, 2013 WL 6569913, at *3 (granting defendant's motion to dismiss Title VII claim because "*the conduct of one [joint] employer cannot necessarily be imputed to the other*" (emphasis added)); *Whitaker v. Milwaukee Cty.*, 772 F.3d 802, 811 (7th Cir. 2014) ("[E]stablishing a 'joint employer' relationship does not create liability in the co-employer for actions taken by the other employer."); *Torres-Negron v. Merck & Co., Inc.*, 488 F.3d 34, 41 n.6 (1st Cir. 2007) (rejecting plaintiff's argument that joint employer should be "strictly liable for [other joint employer's] conduct" because "joint-employer liability does not by itself implicate vicarious liability"); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 228-29 (5th Cir. 2015) (holding that "merely being a 'joint employer' does not automatically impose liability for employment decisions under the [Americans with Disabilities Act]" and "[a] staffing agency is liable for the discriminatory conduct of its joint-employer client if it *participates* in the discrimination, or if it *knows* or *should have known* of the client's discrimination but fails to take corrective measures within its control" (emphasis added)). Indeed, in *Amaya*, the court explained that an allegation that the defendants were the plaintiffs' joint employers "even if true, does not establish a unity of interest" between the defendants because "this theory of liability leaves each defendant with an incentive to argue that the other defendants employed plaintiffs and/or *controlled the payment of wages*." *Amaya*, 645 F. Supp. 2d at 122-23 (emphasis added).[3]  Put another way, a joint employer is not liable for the

---

[3] The court in *Amaya* ultimately held that the defendants (individuals and corporate entities) did have a unity of interest (for purposes of determining whether an amended complaint filed against a newly added individual defendant should relate back to the original complaint) but only because the individual defendant could be liable for the corporate entities' legal obligations under a corporate "veil-piercing" theory. *Id.*  No such circumstances exist here.

wrongdoing of its co-joint employer if the co-joint employer was solely responsible for the wrongdoing.

Here, Plaintiffs *admit* that "Sears is not alleged to have directly participate[d] in the alleged violations."  Pls.' Resp. at 26.  Nor is Sears alleged to have indirectly participated in or had knowledge of the alleged violations.  *See generally* Am. Compl.  Plaintiffs' Amended Complaint, therefore, must be dismissed as to Sears.

## B.      Plaintiffs' Joint Employment Allegations Do Not Create A Contractual Right To Wages.

Plaintiffs' statutory claims alternatively fail because they are brought under Article 6 of the NYLL, which requires an allegation that Plaintiffs have "a contractual right to [the] wages sought."  *Simas v. Merrill Corp.*, No. 02 CIV.4400 RCC, 2004 WL 213013, at *3 (S.D.N.Y. Feb. 4, 2004) (citing *Tierney v. Capricorn Inv'rs, L.P.*, 189 A.D.2d 629, 632 (1st Dep't 1993).  The Amended Complaint contains no such allegation.  *See* Opening Br. at 4-5.   In response, Plaintiffs offer three arguments, each of which fail.

*First*, Plaintiffs' argue that, because the NYLL's definition of "employer" does not "contain a contractual requirement," it "is of no consequence then to Plaintiffs' NYLL claims that there was no direct contract for wages between them and Sears because Sears is alleged to have been a vertical 'joint employer' of the Plaintiffs with Co-Defendant HDL."  Pls.' Resp. at 18.  But merely being an "employer" under the NYLL is not sufficient to create liability under Article 6 of the statute; rather, a plaintiff must allege that he or she has a *contractual* right to the wages sought, and a failure to do so "necessarily precludes a statutory claim under [Article 6 of] New York's labor law."  *Simas*, 2004 WL 213013, at *3 (citing *Tierney*, 189 A.D.2d at 632); *see also O'Grady v. BlueCrest Capital Mgmt. LLP*, 646 F. App'x 2, 4 (2d Cir. 2016) (affirming dismissal of claim for alleged unlawful deductions under NYLL Section 193 because "[t]he

failure of [plaintiff's] contract claim also necessarily defeats his wage claim"). To state a viable Article 6 claim, Plaintiffs must allege that they were employed by Sears *and* that they were owed wages by Sears pursuant to a contract. Plaintiffs fail to do the latter.

*Second*, Plaintiffs argue that they have adequately alleged that they are "third-party beneficiaries under the alleged contract between Sears and HDL" and, therefore, "they have alleged such a 'contractual right to wages owed by Sears' as third-party beneficiaries to the alleged contract between Sears and HDL." Pls.' Resp. at 18-20. Plaintiffs, however, do not allege that the contract "was intended for their benefit," which Plaintiffs concede is a requirement to establish third-party beneficiary status. *Id.* For example, in the case cited by Plaintiffs – *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 615 (S.D.N.Y. 2016) – the court found that the plaintiffs had adequately pled third-party beneficiary status to contracts between the defendants and New York City only because "plaintiffs allege that [the contracts] obligated Defendants to pay *Plaintiffs* . . . at or above the local prevailing wage rates." 160 F. Supp. 3d at 615 (emphasis added). Here, on the other hand, the only reference in Plaintiffs' *entire* Amended Complaint to the contract between Sears and HDL is as follows: "Sears offers home delivery to its customers. To carry out its deliveries in New York, Sears contracts with HDL and other intermediary companies." Am. Compl. ¶ 12. The Amended Complaint does not allege that the contract even mentions a payment *to Plaintiffs*. Thus, even if Plaintiffs have pled third-party beneficiary status under this contract (which they did not) they certainly have not pled that they are owed wages pursuant to that contract.

*Third*, Plaintiffs posit a novel legal theory: that the well-established rule that Article 6 claims cannot proceed if the plaintiff has not alleged a contractual right to the wages sought "only applies to and is implicated in cases where the plaintiff seeks to recover commissions and

bonuses." Pls.' Resp. at 20.  Once again, Plaintiffs misstate the law.  While Plaintiffs are correct that the rule has *typically* arisen in the commission and bonus context, not one case that Plaintiffs cite suggests that it is *limited* to those contexts.  Moreover, and tellingly, Plaintiffs do not cite a single case in which a plaintiff has been permitted to proceed on an Article 6 claim without alleging a contractual right to the wages sought.  None exists, as the law is clear that such claims must be dismissed.  *See* Opening Br. at 4-5 (citing cases from the New York Appellate Division, the Second Circuit Court of Appeals, and the Southern District of New York, all standing for the proposition that a plaintiff bringing a claim under Article 6 must plead a contractual right to the wages sought).

Because Plaintiffs have not established a contractual right to the wages that they seek in this lawsuit, their claims under Article 6 of the NYLL must be dismissed.

**C.      Plaintiffs' unjust enrichment claim must be dismissed because it is wholly derivative of their statutory claims.**

Plaintiffs do not even address Sears's argument that their unjust enrichment claim fails because it depends entirely on Plaintiffs' flawed wage deductions and kick-backs claims, which, as explained above, both fail.  *See* Opening Br. at 9.  Thus, Plaintiffs' unjust enrichment claim should be dismissed for the same reasons as should the statutory claims as set forth above.

Alternatively, Plaintiffs' unjust enrichment claim must be dismissed because such a cause of action may only proceed in the *absence* of an express agreement governing the conduct at issue.  *See* Opening Br. at 9-10.  In their Response, Plaintiffs argue that this Court permitted the plaintiffs in a similar case to plead unjust enrichment as an alternative theory of recovery.  *See* Pls.' Resp. at 28 (citing *Padovano v. FedEx Ground Package System, Inc.* No. 16-cv-17-FPG, 2016 WL 7056574, at * 6 (W.D. N.Y. Dec. 5, 2016)).  This argument fails for two reasons.

*First*, several courts within the Second Circuit (more recently than *Padovano*) have made clear that an "alternative" unjust enrichment claim must be dismissed if it is based on the same underlying factual allegations as the plaintiffs' other claims – which is precisely the case here. *See Gordon v. Hain Celestial Grp., Inc.*, No. 16-CV-6526 (KBF), 2017 WL 213815, at *7 (S.D.N.Y. Jan. 18, 2017) ("Although Rule 8(d) permits a plaintiff to plead alternative—and even inconsistent—theories of liability, an unjust enrichment claim must be dismissed when it entirely 'duplicates' other tort or contract claims."); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) ("Plaintiff submits she may plead her unjust enrichment claim in the alternative.  Plaintiff's unjust enrichment claim relies on the same facts as her other causes of action in tort.  Because this claim is duplicative, it is dismissed."); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017) ("[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action.").  Indeed, in *Gordon*, the court noted that "plaintiff's unjust enrichment claim incorporates all allegations in the preceding paragraphs of the [complaint]" and "stems from . . . the very same conduct underlying her other claims" and, thus, "[t]o the extent [plaintiff's other] claims succeed, the unjust enrichment claim is duplicative; if plaintiff['s] other claims are defective, an unjust enrichment claim cannot remedy the defects."  2017 WL 213815, at *7.  The defendant in *Padovano* never raised this argument (*see generally Padovano*, Dkt. Nos. 3, 3-22, 13) so this Court did not address it.  But here, it applies in full force.  In fact, just as in *Gordon*, Plaintiffs' unjust enrichment claim purports to "incorporate[]" the Amended Complaint's preceding paragraphs and is based on the exact same alleged underlying conduct as are their other claims.  *See* Am. Compl. ¶¶ 53-57.

*Second*, the rule that an unjust enrichment cause of action may be pled in the alternative does not apply where, as here, a plaintiff fails to challenge the validity of the contract at issue. *Kamdem-Ouaffo v. Pepsico, Inc.*, No. 14-CV-227 KMK, 2015 WL 1011816, at *13 (S.D.N.Y. Mar. 9, 2015) ("[W]here a plaintiff, as here, fails to challenge the validity of a contract that governs the subject matter at issue, and instead alleges breach of said otherwise enforceable contract, under New York law he or she cannot plead unjust enrichment in the alternative."); *Anthem, Inc. v. Express Scripts, Inc.*, No. 16 CIV. 2048 (ER), 2017 WL 1134765, at *5 (S.D.N.Y. Mar. 23, 2017) ("[A] claim for unjust enrichment may only survive as an alternative theory of liability when the existence of the contract is in dispute." (citation omitted)); *Beare v. Millington*, No. 07-CV-3391 TLM, 2014 WL 1236750, at *6 (E.D.N.Y. Mar. 25, 2014), *aff'd sub nom. Harris v. Millington*, 613 F. App'x 56 (2d Cir. 2015) ("[A] plaintiff's failure to allege that the contracts at issue are invalid or unenforceable precludes it . . . from seeking quasi-contractual recovery for events arising out of the same subject matter." (citation omitted)).  Here, Plaintiffs do not dispute the existence or validity of their contract with HDL; rather, they effectively allege that HDL (and, via its alleged joint employment status, Sears) *breached* that contract.

In sum, Plaintiffs' unjust enrichment claim must be dismissed because (a) it is wholly derivative of their statutory claims, which fail, and, alternatively, (b) the requirements to plead an unjust enrichment claim in the alternative are not met here.

## III.    CONCLUSION

For the reasons set forth above and in Sears's Opening Brief, Sears respectfully requests that this Court enter an order dismissing, with prejudice, all claims in Plaintiffs' Amended Complaint directed at Sears.  Sears does not concede that the claims against HDL are viable, but instead defers to HDL to address them.

-10-

Dated:  September 29, 2017            Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

s/ *Brendan T. Killeen*
Michael J. Puma
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:     +1.215.963.5000
Facsimile:     +1.215.963.5001
Email:          michael.puma@morganlewis.com

Brendan T. Killeen
101 Park Avenue
New York, NY 10178
Telephone:     +1.212.309.6000
Facsimile:     +1.212.309.6001
Email:          brendan.killeen@morganlewis.com