UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIKE KLOPPEL and ADAM WILSON,[1] on behalf
of themselves and all other similarly-situated persons,

                                        Plaintiffs,

                                                                         Case # 17-CV-6296-FPG

v.

                                                                         DECISION AND ORDER

SEARS HOLDINGS CORPORATION,
SEARS, ROEBUCK & COMPANY, and
HOMEDELIVERYLINK, INC.,

                                        Defendants.
_____

## INTRODUCTION

Plaintiffs Mike Kloppel and Adam Wilson filed this putative class action on May 9, 2017, alleging that Defendants Sears Holding Corporation and Sears, Roebuck & Company (together, "Sears") and Defendant HomeDeliveryLink ("HDL") violated New York law by, among other things, misclassifying them as independent contractors and taking illegal deductions from their wages. *See* ECF Nos. 1, 9-10.

On February 28, 2018, the Court issued a decision and order granting Sears's motion to dismiss and granting in part and denying in part HDL's motion to dismiss. *See* ECF Nos. 12, 20, 31.

---

[1] The docket in the Court's electronic filing system currently lists the second Plaintiff in this action as "Wilson Adam." This appears to be a mistake. The amended complaint names the second Plaintiff as "Adam Wilson." ECF Nos. 9-10. The Clerk of Court is therefore directed to amend the caption to name the second Plaintiff Adam Wilson. *See Hernandez-Avila v. Averill*, 725 F.2d 25, 27 n. 4 (2d Cir. 1984) ("A caption may of course be amended with the permission of the court.").

Before the Court is Sears's motion for leave to file a sur-reply, which the Court has considered,[2] Plaintiffs' motion for reconsideration regarding Sears's motion to dismiss, and HDL's motions to certify order for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings pending the appeal. ECF Nos. 34, 37, 44. For the following reasons, Sears's motion is GRANTED, Plaintiffs' motion is DENIED, and HDL's motions are DENIED.

## DISCUSSION

**I.     Motion for Reconsideration**

The standard used to decide a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)) (emphasis added). Movants may not use such a motion as "a vehicle for relitigating old issues, presenting the case under new theories, . . . or otherwise taking a 'second bite at the apple' . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Here, the Court uses its discretion to deny Plaintiffs' motion. *See id.* (citing *Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (per curiam)). They cite no controlling decisions or data that the Court overlooked that would alter its conclusion as to Sears. Instead, they reference previously-cited cases in support of an alternate theory allegedly mandating an outcome favorable to them. *Compare* ECF No. 23 at 7-12, 19-20, 22, *with* ECF No. 37-1 at 2-3, 6-7, 9-10 (citing *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003), *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003), & *Barfield v.*

---

[2] "[C]ourts have broad discretion to consider arguments in a sur-reply." *Newton v. City of New York*, 738 F. Supp. 2d 397, 417 n. 11 (S.D.N.Y. 2010).

*New York City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008), among others). The Court already considered these cases and their attendant conclusions when deciding Sears's motion to dismiss. While Plaintiffs may have decided the issue differently, that does not constitute sufficient grounds to grant their motion and reconsider the Court's conclusion. Consequently, their motion is DENIED.

## II. Motions to Certify Order for Interlocutory Appeal and to Stay Proceedings

Generally, "appellate review must await final judgment"—interlocutory appeals such as those permitted by 28 U.S.C. § 1292(b) are an exception. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 716 (2019). Under § 1292(b), a district court may certify an appeal to the Second Circuit if it concludes that a non-final order "involves a [(1)] controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The district court or Second Circuit may stay the case pending the appeal, but it is not mandatory. 28 U.S.C. § 1292(b); *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). Finally, deciding whether to grant an interlocutory appeal "lies within the district court's discretion." *Id.* (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995)).

Section 1292(b) carries a high standard and for good reason: interlocutory appeals "derail the orderly conduct of lawsuits and result in piecemeal and duplicative litigation." *Prout v. Vladeck*, 319 F. Supp. 3d 741, 746-47 (S.D.N.Y. 2018) (citing *SEC v. Citigroup Global Markets Inc.*, 827 F. Supp. 2d 336, 337 (S.D.N.Y. 2011)) (citations and quotation marks omitted). Consequently, they are "rare," "strongly disfavored," and "reserved for exceptional circumstances." *Id.* (citing *Citigroup Global Markets Inc.*, 827 F. Supp. 2d at 337) (citation and quotation marks omitted).

Plaintiffs do not argue that HDL cannot establish the first prong of § 1292(b), so the Court addresses only the second and third prongs.

A movant establishes the second prong by "showing that (1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit." *Mills*, 771 F. Supp. 2d at 273 (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 308-09 (S.D.N.Y. 2007)). It is not met by arguing that the Court's ruling was incorrect or that a legal issue is particularly difficult. *Id.* (citing *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) & *In re South African Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009))

"Finally, the third prong is met where an intermediate appeal would" shorten the time to termination of the case or trial or shorten trial. *Id.* (citing *Transport Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005)).

### A. Whether There Is Conflicting Authority

There is no conflicting authority as to the relevant issue in this case: the scope of the Federal Aviation Administration Authorization Act's (FAAAA) preemption.[3] HDL argues that this Court and other courts have analyzed the scope of the FAAAA's preemption incorrectly. ECF No. 35 at 10, 12 (claiming that the Court incorrectly concluded that the First and Seventh Circuits "used the same analysis" and this Court and the Seventh Circuit "misconstrued" a Supreme Court decision); ECF No. 43 at 9-10 (arguing that Plaintiffs repeat a mistake made by the Seventh Circuit and that the Seventh Circuit failed to properly analyze the scope of the FAAAA's preemption). As mentioned, HDL cannot establish the second prong by showing that this Court or other courts analyzed the issue incorrectly. *Mills*, 771 F. Supp. 2d at 273.

---

[3] HDL argued that the case is one of first impression within the Second Circuit, but it did not argue that it is particularly difficult. Consequently, the Court considers only whether there is conflicting authority on the issue.

HDL also contends that decisions issued by the First and Seventh Circuits conflict. ECF No. 35 at 10-11 (citing *Costello v. BeavEx, Inc.*, 810 F.3d 1045 (7th Cir. 2016) & *Schwann v. FedEx Ground Packaging Sys., Inc.*, 813 F.3d 429 (1st Cir. 2016)). But this Court and *Schwann* held they *do not* conflict. *Kloppel v. Sears Holding Corp.*, No. 17-CV-6296-FPG, 2018 WL 1089682, at *4 n. 3 (W.D.N.Y. Feb. 28, 2018) ("The *Schwann* court acknowledged that its decision *did not contradict* the *BeavEx* decision." (emphasis added)); *see also id.* ("Although [*BeavEx*] used the same analysis [as] *Schwann*, the facts of the case and the narrower scope of the state labor law mandated a different result."(footnotes omitted)).

HDL further argues that there is a Circuit split as to the FAAAA's preemption of claims impacting service. ECF No. 43 at 7 (citing *Centuori v. UPS, Inc.*, No. C16-0654JLR, 2017 WL 1194497, at *5 n. 7 (W.D. Wash. Mar. 30, 2017)). But while *Centuori* explains that there is a Circuit split, it also explains that most of the Circuits that considered the issue favor a broad definition[4] of "service." *Centuori*, 2017 WL 1194497, at *5 n. 7 (citing *Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 726 (9th Cir. 2012)). One of those Circuits is the Second Circuit. *Id.*; *see also Nat'l Fed'n of the Blind*, 813 F.3d at 726 (citing *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008)). So, a majority of Circuits have settled the issue, the Second Circuit has considered it, and it is not an issue of first impression. HDL has thus failed to establish the second prong of § 1292(b). *See Trotter v. Perdue Farms, Inc.*, 168 F. Supp. 2d 277, 287-88 (D. Del. 2001) ("Defendants have not shown authority directly to the contrary and therefore the court finds that the question is not one on which there is a substantial ground for difference of opinion."); *see also id.* (denying a motion under § 1292(b) where defendants wanted

---

[4] *Centuori* analyzes the preemption clause of the Airline Deregulation Act of 1978 (ADA). Courts apply analysis of ADA preemption to FAAAA preemption since the FAAAA borrows language from the ADA's preemption clause. *Kloppel*, 2018 WL 1089682, at *3. The Supreme Court has endorsed this approach. *See id.*

to appeal the court's determination of whether the Employee Retirement Income Security Act preempted plaintiffs' state wage and hour law claims). The Court therefore DENIES HDL's motion.

## CONCLUSION

For the foregoing reasons, Sears's motion for leave to file a sur-reply, ECF No. 44, is GRANTED, Plaintiffs' motion for reconsideration, ECF No. 37, is DENIED, and HDL's motions to certify order for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings pending the appeal, ECF No. 34, are DENIED.

IT IS SO ORDERED.

Dated: March 15, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court