UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIKE KLOPPEL, et al.,

                        Plaintiffs,

                        Case # 17-cv-6296-FPG-MJP

v.

                        DECISION AND ORDER

HOMEDELIVERYLINK, INC.

                        Defendant.

## INTRODUCTION

Plaintiffs Mike Kloppel and Adam Wilson ("Plaintiffs") filed this putative class action on May 9, 2017, alleging that Sears Holding Corporation and Sears, Roebuck & Company (collectively, "Sears") and Defendant HomeDeliveryLink ("HDL" or "Defendant") misclassified them as independent contractors and took deductions from their wages in violation of New York Labor Law ("NYLL"). *See* ECF No. 1. On July 7, 2017, Plaintiffs filed an amended complaint. ECF Nos. 9, 10.

On February 28, 2018, the Court issued a Decision and Order granting Sears's motion to dismiss in full and granting in part and denying in part HDL's motion to dismiss the amended complaint. *See* ECF Nos. 12, 20, 31. The only surviving claims are against HDL for (1) illegal deductions pursuant to NYLL § 193, (2) illegal kickback of wages pursuant to NYLL § 198-b, and (3) record-keeping violations pursuant to NYLL § 195. ECF No. 31. HDL now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) on the § 193 and § 198-b claims. ECF No. 67. For the reasons set forth below, HDL's motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Plaintiffs, along with other similarly situated individuals they seek to represent, delivered Sears merchandise to customers' homes throughout New York State. Plaintiffs, through business entities, contracted with HDL, a third-party logistics provider, rather than directly with Sears. Plaintiffs allege that HDL treated them as independent contractors even though they were rightfully employees under New York law. They further allege that HDL unlawfully deducted "certain expenses directly from the compensation it [paid to Plaintiffs], including when HDL determine[d], in its sole discretion, that a delivery ha[d] been made in a manner it deem[ed] to be unsatisfactory (e.g., damaged goods, damage to customer property)." ECF No. 10 ¶ 31. HDL "would also deduct other expenses from the compensation it pa[id] such as the cost of truck rental and fuel" and "the costs of workers' compensation insurance and general liability insurance. *Id.* ¶¶ 32-33. Finally, Plaintiffs allege that "Defendants failed to furnish Plaintiff[s] . . . with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances, deductions taken, and net wages paid." *Id.* ¶ 35.

## DISCUSSION

**I.      Legal Standard**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 572 (2007), and

---

[1] The following allegations are taken from Plaintiffs' Amended Complaint (ECF No. 10) and are accepted as true to evaluate HDL's motion for judgment on the pleadings.

"draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Applying this standard here, the Court agrees with HDL that a private right of action does not exist under NYLL § 198-b, but disagrees with its analysis regarding an "enforceable contractual right."

## II. Analysis

### A. No Private Right of Action for Wage Kickbacks Under NYLL § 198-b

NYLL § 198-b prohibits an employer from requesting, demanding, or receiving any part of an employee's wages "upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment." N.Y. Lab. Law § 198-b(2). The section expressly provides a criminal penalty for violations but is silent as to a private right of action. N.Y. Lab. Law § 198-b(5) ("A violation of the provisions of this section shall constitute a misdemeanor.").

HDL argues that § 198-b does not contain an express private right of action and that, based on the text of the statute and the legislative history, the Court cannot infer one here. ECF No. 67 at 11-15. Plaintiffs argue that because other courts have found or inferred a private right of action under § 198-b, this Court should do the same. ECF No. 75 at 21-25. Courts have properly recognized that "[w]hether § 198-b contains a private right of action is unclear." *Chan v. Big*

*Geyser*, No. 17-CV-6473, 2018 WL 4168967, at *8 (S.D.N.Y. Aug. 30, 2018). Based on the text and the legislative history of § 198-b, the Court declines Plaintiffs' invitation to infer a private right of action in this case.

"In the absence of an express private right of action, plaintiffs can seek civil relief in a plenary action based on a violation of the statute 'only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history.'" *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 70 (2013) (quoting *Carrier v. Salvation Army*, 88 N.Y.2d 298, 302 (1996)). Courts consider the following factors when determining whether an implied private right of action exists:

> (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme.

*Carrier*, 88 N.Y.2d at 302 (quoting another source). The third factor is typically seen as the "most critical," *id.*, because a private right of action "should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme." *Sheehy v. Big Flats Community Day*, 73 N.Y.2d 629, 635 (1989). Because the parties do not seem to seriously dispute that the first two factors are met here, the Court now turns to the third factor.

The parties have seized on two competing cases from the Southern District of New York that arrive at opposite conclusions as to whether a private right of action can be inferred into § 198-b. In *Chu Chung v. New Silver Palace Rest.*, 272 F. Supp. 2d 314 (S.D.N.Y. 2003), the court recognized that the NYLL "was enacted to protect employees, and to remedy the imbalance of power between employers and employees," and that implying a private right of action would be consistent with this policy. *Id.* at 317. The court determined that "Section 198, which provides

4

for costs and remedies available for substantive violations of Article VI, cannot be understood except in connection with such private remedies." *Id.* As a result, the court "believe[d]" that implying a private right of action was appropriate even though it recognized that § 198-b "is a criminal provision." *Id.*

HDL, in contrast, cites *Chan v. Big Geyser*, No. 17-CV-6473, 2018 WL 4168967 (S.D.N.Y. Aug. 30, 2018), a more recent case in which the court declined to infer a private right of action. The *Chan* court recognized that other courts have assumed without deciding that § 198-b contains a private right of action. *Id.* at *7 (collecting cases); *see Martinez v. Alubon, LTD*, 111 A.D.3d 500 (1st Dep't 2013) (finding, without analysis, "that plaintiffs have stated a cause of action under Labor law § 198-b, the anti-kickback statute"). However, it noted that since *Chu Chung*, the Legislature "explicitly created private rights of action for some, but not all, violations of the Labor Law." *Id.* at *8. The court reasoned that because the Legislature could have created an explicit private right of action for § 198-b but did not, the court should not infer one because doing so would contradict the Legislature's express statutory scheme.

This Court is inclined to agree with *Chan*'s analysis. In recent amendments, the Legislature carved out express private rights of action for many provisions of the NYLL, but not § 198-b, suggesting that the Legislature did not intend to do so. *See, e.g.*, N.Y. Lab. Law § 195(1), (3). Additionally, § 198-b *does* contain an enforcement mechanism, albeit a criminal one. It provides that a violation of § 198-b is a misdemeanor. New York courts have routinely "declined to recognize a private right of action in instances where," as here, "'[t]he legislature specifically considered and expressly provided for enforcement mechanisms' in the statute itself." *Accord Cruz*, 22 N.Y.3d at 71 (quoting *Mark G. v. Sabol*, 93 N.Y.2d 710, 720 (1999)). Finally, that some courts have assumed that § 198-b contains a private right of action does not make it so. Indeed,

*Chu Chung*'s analysis focuses on § 198, entitled "Costs, remedies," rather than § 198-b—a distinct subsection—entitled "'Kick-back' of wages prohibited." In doing so, *Chu Chung* ignored § 198-b's unique and express language, which suggests that a private right of action does not exist. Therefore, Plaintiff's NYLL § 198-b claim is dismissed.

### B. Plaintiffs Have Stated a Claim Under NYLL § 193

"Article 6 of the [NYLL] regulates the payment of wages by employers." *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 614 (2008). To prevail on a claim under Article 6 of the NYLL, "a plaintiff must first demonstrate that he or she is an employee entitled to its protections." *Lauria v. Heffernan*, 607 F Supp. 2d 403, 407 (E.D.N.Y. 2009) (quoting another source). Second, a plaintiff "must allege that their wages were withheld in violation of one of the substantive provisions of the Labor Law." *Contrera v. Langer*, 314 F. Supp. 3d 562, 568 (S.D.N.Y. 2018) (quoting *Michalek v. Amplify Sports & Entm't LLC*, No. 11 Civ. 508(PGG), 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012)).

Importantly, HDL's motion for judgment on the pleadings does not attack Plaintiffs' allegations that HDL misclassified them as independent contractors when they are in fact employees. HDL argues only that a contractual relationship did not exist between Plaintiffs, as individuals, and HDL. But, as explained below, Plaintiffs need only plead that they were employees of HDL and that HDL violated some substantive provision of Article 6 of the NYLL. Plaintiffs' amended complaint sufficiently alleges both.

#### 1. "Employee" and "Substantive Violation"

There are two tests through which Plaintiffs may demonstrate that they are employees for purposes of Article 6 of the NYLL, each applicable to different time periods relevant in this action. For purposes of its motion for judgment on the pleadings, HDL does not argue that Plaintiffs have

6

failed to properly allege that they are employees under these tests. Indeed, taking the facts in the light most favorable to Plaintiffs, Plaintiffs have sufficiently pled that they are employees of HDL under both tests.

Prior to 2014, a worker who alleged misclassification as an independent contractors was an employee covered by Article 6 if he or she: "(1) worked at his/her own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013). After April 10, 2014, New York's Fair Play Act,[2] requires an employer to classify "[a]ny person 'performing commercial goods transportation services for a commercial goods transportation contractor' . . . as an employee," and not as an independent contractor. N.Y. Lab. Law § 862-b(1); *Padovano v. FedEx Ground Package Sys., Inc.*, No. 16-CV-17-FPG, 2016 WL 7056574, at *4 (W.D.N.Y. Dec. 5, 2016) (quoting N.Y. Lab. Law § 862-b). There is an exception to this presumption if the employer demonstrates that the worker: (1) is free from control and direction over the performance of his work; (2) performs work that is outside the usual course of business or is outside all of the employer's places of business, unless the employer contracts with third parties to place employees; and (3) is in an independently established trade, occupation, profession, or business. N.Y. Lab. Law § 862-b(1)(a)-(c). If the employer can demonstrate that a worker satisfies all three conditions, it may treat him or her as an independent contractor instead of as an employee.

---

[2] The Court discussed New York's Fair Play Act in its Decision and Order on the parties' motion to dismiss and concluded that federal law did not preempt it. ECF No. 31.

Again, HDL has not made *any* argument for purposes of this motion that Plaintiffs are not "employees" within the meaning of either of these frameworks or that any exception applies.[3] Its sole argument is that Plaintiffs' incorporation is dispositive. The Court disagrees.

The Fair Play Act contains a list of 12 requirements that must be established for a business entity performing commercial goods transportation to be treated as an independent contractor. N.Y. Lab. Law § 862-b. HDL has not argued that Plaintiffs' LLCs meet any—much less all—of these requirements. To be sure, "[i]f any business could avoid the Fair Play Act by simply classifying their workers as independent contractors and compensating them through corporations rather than paying them directly, the Fair Play Act would be rendered useless." *Padovano*, 2016 WL 7056574, at *4. And, under the common law test, "it is not significant how the parties defined the employment relationship." *Hart*, 967 F. Supp. 2d at 924; *see Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198 (S.D.N.Y. 2006) ("[A]t least one court has held that an individual who formed his own corporation was in fact an 'employee.'").

In addition to pleading that Plaintiffs were employees under the NYLL, Plaintiffs have plead substantive violations of the NYLL, namely that HDL made illegal deductions from their wages. ECF No. 10 ¶ 31. Again, HDL has not argued that Plaintiffs failed to plead a substantive violation of the NYLL. Therefore, Plaintiffs have stated a claim under NYLL § 193.

---

[3] Nor, as Plaintiffs point out, could HLD make such an argument. Plaintiffs have pled that HDL: required that they report to work at a Sears location by 6:30 a.m. six days per week (ECF No. 10 ¶ 16a); controlled where, when, what, and how Plaintiffs delivered (*id.* ¶¶ 16b-16e, ¶ 29); prohibited Plaintiffs from soliciting Sears or HDL customers or subcontracting or assigning their rights (*id.* ¶¶ 16*l*, 29); and paid Plaintiffs (*id.* ¶ 26). Plaintiffs also pled that they performed work "which is in the usual course of business of Defendants" (*id.* ¶ 27) and worked full-time for HDL, precluding any other employment (*id.* ¶¶ 28-30).

## 2. "Enforceable Contractual Right"

HDL argues that none of the analysis above matters because Plaintiffs have failed to allege any "enforceable contractual right" between HDL and Plaintiffs. This is a red herring.

Both parties cite *Tierney v. Capricorn Investors, L.P.*, 189 A.D.2d 629 (1st Dep't 1993) to support their positions. The plaintiff in *Tierney* was an investment banker who sued his employer to recover bonus payments allegedly owed to him under an employment contract. *Id.* at 629. When his employer allegedly failed to pay this bonus, plaintiff sued for, among other things, breach of contract and willful failure to pay wages under NYLL § 190 *et seq.* The First Department dismissed plaintiff's breach of contract claim and held that "plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages." *Id.* at 632.

Following *Tierney*, some courts have dismissed NYLL claims for failure to allege an enforceable contractual right. *See O'Grady v. BlueCrest Capital Mgmt. LLP*, 646 F. App'x 2, 4 (2d Cir. 2016) (upholding dismissal of NYLL § 193 claim because "[t]he failure of O'Grady's contract claim also necessarily defeats his wage claim under New York Labor law § 193"); *Karmilowicz v. Hartford Fin. Svc. Grp.*, 494 F. App'x 153, 158 (2d Cir. 2012) ("Finally, the District Court properly dismissed Karmilowciz's claims under sections 191 and 193 of New York's Labor Law, because a plaintiff 'cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages.'"); *Zaitsev v. Salomon Bros.*, 60 F.3d 1001, 1004 (2d Cir. 1995) (dismissing "claim for unpaid wages under New York Labor Law § 190 *et seq.*" because no enforceable contractual right to wages existed); *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999) (finding that in the context of overtime wages, "to

assert any substantive claim for wages under article 6, a plaintiff must have an enforceable contractual right to those wages").

These cases are misplaced. They involve claims for compensation outside of the traditional meaning of "wages," *i.e.*, for the payment of bonuses or other incentive compensation. Bonuses or incentive compensation can be considered "wages" for purposes of Article 6, but a right to such "wages" arises only by virtue of an agreement between the employer and employee. *See Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-24 (2000) ("Courts have construed [the statutory definition of wages] as excluding certain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise."). In these circumstances, the plaintiff must allege some basis for claiming that this compensation constitutes wages.

But NYLL does not require an "enforceable contractual right" where, like here, straight wages are at issue. Requiring Plaintiffs to prove a contract that entitles them to wages for time they worked is belied by a century of statutory protection for workers' wages. *Id.* at 223 ("New York has provided statutory protection for workers' wages for more than a century."). Even if such an enforceable contractual right is required, Plaintiffs have at the very least pled that they had an agreement with HDL whereby HDL paid Plaintiffs for the time they worked. *See* ECF No. 10 ¶ 13 ("HDL purports to contract with individuals such as the Plaintiffs to drive a delivery truck and to deliver merchandise . . . ."); ECF No. 10 ¶ 16*l* (noting that Plaintiffs may not solicit "for a period of one year after termination of the driver's contract with HDL"); ECF No. 10 ¶¶ 17, 19 (noting that HDL "requires delivery drivers with which it contracts" to do certain things); ECF No. 10 at ¶ 20 ("HDL retained the right to terminate the contract with its delivery drivers without cause.").

## CONCLUSION

For the foregoing reasons, HDL's motion for judgment on the pleadings (ECF No. 67) is GRANTED with respect to the NYLL § 198-b claim and DENIED with respect to the NYLL § 193 claim.

IT IS SO ORDERED.

Dated: November 18, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court