UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MIKE KLOPPEL and ADAM WILSON, on behalf of themselves and all other similarly situated persons,

                      Plaintiffs,

-vs-

HOMEDELIVERYLINK, INC.,

                      Defendant.

---

DECISION AND ORDER

17-CV-6296-FPG-MJP

**Pedersen, M.J.** Plaintiffs Mike Kloppel and Adam Wilson, on behalf of themselves and all other similarly situated persons (hereinafter, collectively "Plaintiffs"), filed their Amended Complaint in this class action suit on July 7, 2017, which alleged (1) violations of New York Labor Law – Unlawful Wage Deductions; (2) New York Labor Law – Illegal Kickback of Wages; (3) New York Labor Law – Record-Keeping Requirement Violation; and (4) Unjust enrichment against defendants Sears Holding Corporation, Sears, Roebuck & Company, and HomeDeliveryLink, Inc. (ECF No. 9.)[1] In essence, Plaintiffs assert that Defendant HomeDeliveryLink, Inc. (hereinafter "Defendant") misclassified them as independent contractors rather than as employees and deducted certain expenses from their pay while Plaintiffs performed delivery services for Defendant in New York State.

---

[1] Defendants Sears Holdings Corporation and Sears, Roebuck & Company were terminated as parties to this action pursuant to their motion to dismiss. (ECF No. 31.)

Presently before the Court are two motions to compel discovery filed by Defendant. (ECF Nos. 77 & 83.) For the reasons discussed below, both of Defendant's motions to compel discovery are granted in part and denied in part.

Federal Rule of Civil Procedure 26 provides that parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. It is well-settled that "[d]istrict courts enjoy broad discretion when resolving discovery disputes. That discretion is exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *In re Air Crash Near Clarence Ctr., N.Y., on Feb. 12, 2009*, No. 09-CV-961S, 2011 WL 6370189, at *1 (W.D.N.Y. Dec. 20, 2011) (citations omitted). Indeed,

> "a court must limit discovery if it finds that the discovery sought is 'unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.' A court must also limit discovery if it finds that the burden or expense of the requested discovery outweighs its likely benefit."

*Id.* at *2, citing Fed. R. Civ. P. 26(b)(2)(C)(iii).

### Defendant's first motion to compel discovery (ECF No. 77.)

On September 26, 2019, Defendant filed its first motion to compel discovery seeking responses to Requests 8 (information from Plaintiffs' social media postings), 18 (tax returns and related documents) and 22 (documents in which Plaintiffs have disclosed their occupation/employment status) contained

2

in its First Request for Production and a response to Interrogatory 16 (seeking Plaintiffs' "trial plan") contained in Defendant's Second Set of Interrogatories.

Defendant's Document Request 8

Document Request 8 seeks: "Your social media postings, including those made on Facebook, Twitter, Instagram, or LinkedIn [*sic*], since May 9, 2011 that reference (a) HDL, HomeDelivery and/or HomeDeliveryLink; (b) the terms 'job', 'work', 'contract', 'contractor', 'employer', or 'employee'; or (c) the terms 'driving', 'delivery', 'transport', or 'transportation'."

Defendant argues that this request is narrowly tailored, providing certain words to be searched, and that it is relevant to Plaintiffs' claims for misclassification and the work performed by Plaintiffs. (Def.'s Mem. of Law, Sept. 26, 2019, at 5, ECF No. 78.) Plaintiffs assert that the search terms provided by Defendant are too broad rendering any such search a "fishing expedition" and that the social media postings are not relevant. (Pls.' Mem. of Law, Oct. 15, 2019, at 3, ECF No. 80.) Plaintiffs assert that even if the social media postings were tangentially related to their claims that any such relevance is outweighed by Plaintiffs' right to privacy. *Id.* In reply, Defendant argues that any privacy rights can be mitigated through a protective order. (Def.'s Reply Mem. of Law, October 22, 2019, at 3, ECF No. 82.)

The Court agrees with Plaintiffs that any information contained on their social media accounts would only be tangentially related to this matter. In addition, placing the burden on Plaintiffs to conduct these searches is not

3

warranted where Defendant has "nothing more than its own hope that there might be something of relevance in the social media posts." *Caputi v. Topper Realty Corp.*, No. 14-CV-2634 JFB SIL, 2015 WL 893663, at *6 (E.D.N.Y. Feb. 25, 2015) (citations omitted). Accordingly, the Court denies Defendant's request to compel responses to Request 8.

Defendant's Document Request 18

Document Request 18 seeks: "All federal, state, or local income tax records within your possession or that you have authority to obtain (such as from an accountant or from TurboTax) associated with the years in which you and/or Kloppel Deliveries received compensation from HDL. This request encompasses federal tax returns, all informational forms, including 1099s, W2s, 1040s, 1120s, 1125-As, and all accompanying Schedules to the same extent submitted by you or your accountant/tax advisor to the Internal Revenue Service."

According to Defendant, "on September 12, 2019, in an offer to compromise, HDL requested that Plaintiffs produce *only* Schedule C from their federal tax returns." (Def.'s Mem. of Law at 7.) Plaintiffs thereafter agreed to produce their Schedule Cs to Defendant. (Pls.' Resp. at 4–5.) In its reply papers, Defendant acknowledges that Plaintiffs produced their Schedule Cs but asserted that such production only "partially resolves the discovery dispute over tax records" arguing that the requested "tax documents" are relevant to

determine what, if any, "wages" were paid to Plaintiffs by Defendant. (Def.'s Reply at 3-4.)

Generally, "tax returns need not be disclosed unless: (1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns is not otherwise readily obtainable." *McIntosh v. Bank of Am.*, No. 06-CV-0708S(SR), 2008 WL 4501911, at *3 (W.D.N.Y. Sept. 30, 2008) (citations omitted) (finding that while plaintiff's wages were relevant to her claims, plaintiff was not required to produce her tax returns where the information sought could be found on a W-2). Indeed, the information sought by Defendant can be gleaned from Plaintiffs' depositions or the provision of W-2s or 1099s. *See Agerbrink v. Model Serv. LLC*, No. 14-CV-7841(JPO)(JCF), 2017 WL 933095, at *7 (S.D.N.Y. Mar. 8, 2017) (denying defendants' motion to compel tax returns in a misclassification case where defendants failed to demonstrate that plaintiff's tax returns were the only means to obtain the information sought).

Accordingly, Defendant has not met its burden of demonstrating a compelling need for Plaintiffs' tax returns or that the information sought cannot be obtained through other means. However, the Court recognizes that whether Plaintiffs were paid wages is a relevant inquiry. Plaintiffs are directed to produce any W-2 or 1099 forms for the period they received compensation

5

from Defendant. Accordingly, Defendant's motion to compel with respect to document Request 18 is, therefore, denied in part and granted in part.

Defendant's Document Request 22

Document Request 22 seeks: "All documents in which you have disclosed your occupation or employment status since May 9, 2011, including, but not limited to, loan or credit applications, purchase orders, or membership applications."

Defendant asserts that Plaintiffs' declarations to third parties that they were self-employed is relevant to demonstrate that Plaintiffs have availed themselves of the tax advantages of self-employment. (Def.'s Mem. of Law at 11.) Plaintiffs argue that this request is moot because they agreed to produce their Schedule Cs to Defendant and that additional financial documentation sought by Defendant will not provide any other relevant information than what is contained on the Schedule Cs. (Pls.' Response at 6.) Defendant asserts that producing the Schedule Cs does not relieve Plaintiffs from having to respond to Request 22. (Def.'s Reply at 6.)

Whether a person is deemed an individual contractor or an employee under New York Labor Law "is a fact-intensive inquiry, and it does not depend on how the parties have labeled themselves." *Padovano v. FedEx Ground Package Sys., Inc.*, No. 16-CV-17-FPG, 2016 WL 7056574, at *5 (W.D.N.Y. Dec. 5, 2016), citing *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 924 (S.D.N.Y. 2013) ("it is not significant how the parties defined the employment

relationship or how the worker identified herself on tax forms"). Whether an individual identifies himself or herself as an employee or as an individual contractor on the requested documents can be ascertained through an interrogatory or deposition. *Agerbrink*, 2017 WL 933095, at *1 (denying request for model's tax returns in a misclassification case to determine whether model filed as an employee or an independent contractor and indicating that information can be gleaned from an interrogatory or deposition).

Based upon the foregoing, Defendant's motion to compel a response to document Request 22 is denied.

Defendant's Interrogatory 16

Defendant's Interrogatory 16 requests Plaintiffs to: "Set forth your plan for trial of the New York Labor Law claims in the Complaint on a class action basis, including, but not limited to, the following: (a) Identify those issues that will be resolved as common issues for the Putative Class and how these issues will be resolved; (b) Identify those issues that will be resolved on an individual basis for the Putative Class (including each element of the New York State Commercial Goods Transportation Industry Fair Play Act independent contractor test, liability on the New York Labor Law claims, affirmative defenses, and damages) and how these issues will be resolved; (c) Identify the process for resolving the individual Plaintiffs' New York Labor Law claims, including any limitations on the claims that the individual Plaintiffs can litigate; (d) Identify the process for resolving the Putative Class' claims,

including any limitations on the claims that the Putative Class can litigate; and (e) Identify the process You propose be used for the calculation and distribution of any damages that may be awarded in this case to the Putative Class."

Defendant asserts that under Federal Rule of Civil Procedure 23, Plaintiffs are required to provide five categories of information that essentially amounts to a "trial plan" so that Defendant will have "information on how Plaintiffs intend to prove their claims on a classwide basis." (Def.'s Mem. of Law at 15-16.) Defendant argues that Plaintiffs are required to produce any information that does not qualify as opinion or mental impressions of counsel. (Def.'s Mem. of Law at 14.) Plaintiffs respond that they are not required to produce a trial plan because Rule 23 does not require the production of any such plan: "trial plans are not required in class action litigation, the demand for the trial plan is premature and this is not a complex class action that would even require a trial plan." (Pls.' Response at 6.) Defendant asserts that Plaintiffs' argument that they are not required to file a trial plan misses the mark as Defendant is seeking discovery, not requesting Plaintiffs to file a plan. (Def. Reply at 7.) Further, Defendant attempts to discredit Plaintiffs' assertion that the requested information is only discoverable after a class is certified. (Def.'s Reply at 7.) Finally, Defendant asserts that Plaintiffs' argument that no trial plan is required because the case is not complex has nothing to do with whether the information sought is discoverable. (Def.'s Reply at 8.)

Federal Rule of Civil Procedure 23 does not require Plaintiffs to provide a trial plan to Defendant. Further, the Court has reviewed the case law cited by both parties and is not persuaded that Plaintiffs are required to provide the information requested by Defendant, which amounts to a trial plan. For these reasons, the Court denies Defendant's request for the information sought in Interrogatory 16.

**Defendant's second motion to compel discovery (ECF No. 83.)**

On November 1, 2019, Defendant filed its second motion to compel discovery responses to Request 7 contained in Defendant's First Request for Production and a response from Plaintiff Adam Wilson to Request 29 contained in Defendant's Third Set of Requests for Production of Documents.

Request 7 in Defendant's First Request for Production

Request 7 seeks: "Your cell phone records, including call detail information indicating the length and time of call, since May 9, 2011 for days in which you performed work for HDL."

Defendant asserts that Plaintiffs should be compelled to produce their cell phone records for the relevant period because the "frequency, duration, and extent of such phone calls are central to Plaintiffs' claims for misclassification." (Def.'s Mem. of Law, Nov. 1, 2019, at 5, ECF No. 84.). Plaintiffs assert that this request is a fishing expedition, Defendant has not offered any evidentiary support for the information sought, and it is an intrusion into Plaintiffs' privacy. (Pls.' Response, Nov. 18, 2019 at 2-3, ECF No. 88.) In particular,

9

Plaintiffs assert that Defendant already has the sought-after information in its possession and could review its own records to obtain it. (Pls.' Response at 3.) In reply, Defendant argues that it seeks Plaintiffs' cell phone records based upon Plaintiffs' own allegations in support of their misclassification claim that they were "required to be in contact with HDL dispatchers." (Def.'s Reply Mem. of Law, November 25, 2019, at 2, ECF No. 91.)

The Court agrees with Defendant that Plaintiffs have placed their cell phone records at issue due to the allegations in the Complaint that Defendant required Plaintiffs to be in contact with Defendant's dispatchers. However, the Court is also cognizant of Plaintiffs' right to privacy and permitting Defendant wholesale access to Plaintiffs' phone records runs afoul of that right.[2] With these considerations in mind, the Court directs Plaintiffs to provide Defendant with all cell phone numbers for the cell phones that Defendant allegedly required them to carry. Defendant can then utilize this information to review its own records to determine how often it called those numbers. Defendant's concern that this will not give it access to how often Plaintiffs called or received

---

[2] Plaintiffs cite to *Gonzalez v. Allied Concrete Indus., Inc.*, No. CV-14-4771(JFB)(AKT), 2016 WL 4444789 (E.D.N.Y. Aug. 23, 2016) to support their assertion that permitting Defendant to obtain their cell phone records would intrude on Plaintiffs' private affairs. However, *Gonzalez* is distinguishable as it is not a misclassification case, but rather a case in which the plaintiffs asserted claims for a failure to pay overtime compensation under FLSA and the NYLL. *Id.* at *1. Moreover, the plaintiffs in *Gonzalez* did not place their cell phone records directly at issue as Plaintiffs have here. Instead, the defendants sought production of the plaintiffs' cell phone records to "reveal whether Plaintiffs engaged in personal activities such as non-work related telephone calls, extended telephone calls, [and] frequent text messaging during the times they claim to have worked on Defendant's behalf." *Id.* at *4.

calls from Sears is not relevant, given that Sears is no longer a party to this action. For the foregoing reasons, Defendant's motion to compel with respect to Request 7 is granted in part and denied in part.

Request 29 in Defendant's Third Set of Requests for Production of Documents to Plaintiff Adam Wilson

Request 29 seeks: "All documents and records, including letters, e-mails, text messages or messages sent using any social-media platform, which reflect communications between You or any person affiliated with Kloppel Deliveries, LLC and HDL employees since February 23, 2017."

Defendant asserts that Plaintiff Adam Wilson never responded to Request 29. (Def.'s Mem. of Law at 5-6.) Plaintiff Wilson asserts that the request seeks information that is not within his possession, custody or control. (Pls.' Response at 4.) Defendant argues that Plaintiff Wilson's belated objections to the request asserted in its response papers are waived and, further, that the requested information is "relevant to Plaintiffs' claims of misclassification – demonstrating the existence of lack of control by [Defendant] in the daily work of Plaintiffs, their companies, and their employees." (Def.'s Reply at 3.)

The Court finds that in failing to provide a response to the document request, Plaintiff Wilson has forfeited[3] any objections he could have asserted

---

[3] While cognizant that the case law utilizes the term "waiver" when referring to belated objections or a failure to respond to discovery demands, "forfeiture" is the more appropriate term. Waiver is defined as "the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993)

11

to that request. *Arnold v. Independent Health Ass'n, Inc.*, No. 17-CV-01260-FPG-JJM, 2019 WL 3955420, at *4 (W.D.N.Y. Aug. 22, 2019) (Court held that plaintiff waived objections to document demands where her responses were late and plaintiff did not seek an extension of time to file late responses); *Swinton v. Livingston Cty.*, No. 15-CV-00053A(F), 2016 WL 6248675, at *2 (W.D.N.Y. Oct. 26, 2016) ("Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery of any non-privileged matter is permitted if relevant to a party's claims or defenses and proportional to the needs of the case. In the absence of a timely objection filed with a response to a valid request for document production served pursuant to Fed. R. Civ. P. 34(a), an objection based on a lack of relevancy or any other grounds, including privilege, is waived.") (citations omitted). For this reason, Defendant's motion to compel a response to Request 29 from Plaintiff Wilson is granted.

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's first motion to compel discovery (ECF No. 77) and **GRANTS IN PART AND DENIES IN PART** Defendant's second motion to compel discovery (ECF No. 83), without prejudice.

IT IS SO ORDERED.

DATED: January 3, 2020
Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge

---

(citation omitted). Forfeiture, on the other hand, is defined as "the failure to make a timely assertion of a right." *Id.*