UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MIKE KLOPPEL and ADAM WILSON, on behalf of themselves and all other similarly situated persons,

                Plaintiffs,

-vs-

HOMEDELIVERYLINK, INC.,

                Defendant.

REPORT AND RECOMMENDATION

17-CV-6296-FPG-MJP

---

## APPEARANCES

For Plaintiffs:
    Harold L. Lichten
    Lichten & Liss-Riordan, P.C.
    729 Boylston Street
    Suite 2000
    Boston, MA 02116

    Samuel A. Alba
    Alba Law PLLC
    195 Fruitwood Terrace
    Williamsville, NY 14221

    Ravi Sattiraju
    The Sattiraju Law Firm, P.C.
    14 St. James Place
    Lynbrook, NY 11563

For Defendant:
    Andrew J. Butcher
    Scopelitis Garvin Light Hanson & Feary, P.C.
    30 West Monroe Street
    Suite 600
    Chicago, IL 60603

    Andrew R. Brehm

Scopelitis, Garvin, Light, Hanson & Feary
330 E. Kilbourn Avenue
Suite 827
Milwaukee, WI 53202

Rodney O. Personius
Personius Melber LLP
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202

# REPORT AND RECOMMENDATION

## INTRODUCTION

**Pedersen, M.J.** This is before the undersigned on the twelve would-be intervenors' motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure (F.R.C.P.)[1] or, in the alternative, on Plaintiffs Mike Kloppel and Adam Wilson's ("Plaintiffs") motion to amend the complaint pursuant to F.R.C.P. 15.[2] (Pl.'s Not. of Mot., ECF No. 177.)

Also before the undersigned is defendant Homedeliverylink, Inc.'s ("Defendant") motion seeking an order striking the reply papers in connection with

---

[1] The parties dispute under which subsection of F.R.C.P. 24 the would-be intervenors moved to intervene, which is addressed in detail below.

[2] The Court notes that Plaintiffs' counsel has somewhat confused their representative capacities. Obviously, Plaintiffs are not a proper moving party for a motion to intervene in a case in which they are already a party. *Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 208 (4th Cir. 2006) (noting the "awkward[ ] blur[ring]" of the status of plaintiffs and would-be plaintiffs in the pleading the court deemed a motion to intervene). Plaintiffs' counsel carried the denominational confusion even as they made their arguments. The undersigned will treat the motion to intervene as though made by the would-be intervenors and the motion to amend as though made solely by Plaintiffs.

2

the would-be intervenors' and Plaintiffs' motion to intervene or amend for failure to comply with W.D.N.Y. Local Rule of Civil Procedure 7(a)(1). (Def.'s Not. of Mot., ECF No. 181.)

For the reasons set forth below, the undersigned recommends that the District Court deny the motion to intervene and amend the complaint, and grant with prejudice Defendant's motion to strike the would-be intervenors' and Plaintiffs' reply papers submitted in further support of their motion to intervene or amend the complaint.

## JURISDICTION

The Honorable Frank P. Geraci, Jr. referred all pretrial matters, excluding dispositive motions, to the undersigned on November 8, 2019. (ECF No. 86.)

## PROCEDURAL BACKGROUND

Plaintiffs, on behalf of themselves and all other similarly situated persons, filed their Amended Complaint in this matter on July 7, 2017, which alleged (1) violations of New York Labor Law – Unlawful Wage Deductions; (2) New York Labor Law – Illegal Kickback of Wages; (3) New York Labor Law – Record-Keeping Requirement Violation; and (4) Unjust enrichment. (Am. Compl., Jul. 7, 2017, ECF No. 9.)[3] In essence, Plaintiffs assert that Defendant misclassified them as independent contractors rather than as employees and deducted certain expenses

---

[3] Defendants Sears Holdings Corporation and Sears, Roebuck & Company were terminated as parties to this action pursuant to their motion to dismiss. (ECF No. 31.)

from their pay while Plaintiffs performed delivery services for Defendant in New York State.

On June 3, 2020, the Honorable Frank P. Geraci, Jr., issued a decision and order in which he granted Plaintiffs' motion to certify the class. (Decision and Order, Jun. 3, 2020, ECF No. 121.) Defendant moved to decertify the class after the completion of class discovery (Mot. to Decertify, Sept. 7, 2021, ECF No. 147) and Judge Geraci granted that motion in a decision and order dated April 25, 2022. (Decision and Order re: decertification, Apr. 25, 2022, ECF No. 168.) In reaching his decision, Judge Geraci indicated as follows:

> The Court concludes that the common question of whether [Defendant] misclassified drivers as independent contractors will not yield a common answer. Instead, answering that question will require fact- and driver-specific analysis to determine the degree of control [Defendant] exerted over each individual driver. The differences in drivers' experiences also demonstrate that common facts do not predominate.

(*Id.* at 13.) In other words, Judge Geraci found that after class discovery, Plaintiffs could no longer satisfy the elements of commonality and predominance needed for class certification.

In the decision and order, Judge Geraci also directed the parties to provide him with a joint proposed notice to the former class members informing them that the class was decertified and that they retained the right to commence individual actions should they so choose. (*Id.* at 14.) The notice provided to the former class members indicated that "[i]f you wish to pursue claims under the New York wage laws, you

4

must either join the pending lawsuit or file a separate lawsuit." (Notice at 1, ECF No. 171.)

The would-be intervenors and Plaintiffs filed the present motion on September 1, 2022. (ECF No. 177.) Defendant filed the motion to strike on October 10, 2022, in response to the would-be intervenors and Plaintiffs having filed a reply in further support of their motion. Defendant asserts that the would-be intervenors and Plaintiffs failed to comply with Local Rule of Civil Procedure 7(a), which requires a party seeking to file a reply to state that intention in the notice of motion and that, therefore, the Court should strike their reply.

## DISCUSSION

*Defendant's Motion to Strike.*

Defendant moves to strike the reply papers in connection with the motion to intervene or amend for the would-be intervenors' and Plaintiffs' failure to comply with Local Rule 7(a)(1). It is undisputed that the notice of motion did not state that they intended to file reply papers. (Pls.' Not. of Mot., ECF No. 177.) Defendant argues that this resulted in prejudice because it was not aware of all of the support upon which the would-be intervenors and Plaintiffs were basing their motion when responding to that motion. (Def.'s Mem. of Law at 4, ECF No. 181-1.)

In opposition, the would-be intervenors and Plaintiffs cite to case law indicating that "[s]triking a pleading is a drastic remedy" rarely employed and suggests that the undersigned instead caution the would-be intervenors and Plaintiffs to comply with the Local Rules. (Pls.' Resp. at 2, ECF No. 182.) They further

5

argue that the rights of the twelve individuals seeking to intervene "will be severely restricted if this Motion is denied." (*Id.* at 4.) Plaintiffs also contend that they failed to include their intention to file a reply on at least two other occasions and yet they filed a reply without any objection from Defendants. (*Id.*)

Local Rule 7(a)(1) provides:

> **Notice of Motion.** A notice of motion is required for all motions, and must state: the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, if known. A moving party who intends to file and serve reply papers must so state in the notice of motion. Failure to file or serve a notice of motion unless otherwise ordered or excused by the Court may be grounds for denial or for striking of the motion, without prejudice. Reply papers filed without prior notice or authorization may be stricken.

Loc. R. Civ. P. 7(a)(1). As indicated by the Honorable William M. Skretny "Rule 7(a)(1)'s requirement for notice of the movant's reply intention is to inform the Court and the opponent of how the movant intends to argue their motion [and providing a reply should not be an] undisclosed tactical decision." *Kujawski v. Liberty Mut. Ins. Co.*, No. 19-CV-603S, 2021 WL 1197734, at *5 (W.D.N.Y. Mar. 30, 2021).

Moreover, "[d]istrict courts have broad discretion to enforce local rules and regularly deny motions for failing to comply." *Ausco Prod., Inc. v. Axle, Inc.*, No. 6:19-CV-06798 EAW, 2020 WL 7028521, at *6 (W.D.N.Y. Nov. 30, 2020) (citation omitted); *Herlihy v. City of New York*, 654 F. App'x 40, 43 (2d Cir. 2016) (summary order) ("[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules[,] ..."); *KeyBank Nat'l Ass'n v. Beauty Quest Skincare, LLC*, No. 1:21-CV-778, 2022 WL 1488676, at *2 (W.D.N.Y. May 11, 2022) ("It is within the district court's discretion to excuse non-compliance with local rules.")

Here, the would-be intervenors and Plaintiffs admit that they failed to comply with Local Rule 7(a)(1) in connection with their motion to intervene or amend. (Pls.' Resp. at 1, ECF No. 182.) Not only that, as Defendants indicated, the would-be intervenors and Plaintiffs filed a motion to intervene or amend on August 29, 2022 (ECF No. 179), which the Court rejected for failure to file a notice of motion. (E-Filing Notification, Aug. 31, 2022.) With their second bite at the apple, the would-be intervenors and Plaintiffs filed their motion to intervene or amend again, this time including the notice of motion, but neglecting to include their intention to file a reply in contravention of Local Rule 7(a)(1). In addition, Plaintiffs admit that they have repeatedly failed to comply with this Local Rule on at least two prior occasions during this litigation, stating:

> Throughout this case, numerous motions have been filed and every Motion was followed by a Reply. For Defendant to argue it was surprised the Plaintiffs filed a Reply is simply incorrect. In fact, the Plaintiffs Notice of Motion for Summary Judgment and Notice of Motion for Class Certification (ECF No.: 149 and 98) did not contain any notice the Plaintiffs intended to file a reply but the Defendant did not move to strike then, and the Plaintiffs filed a reply without objection.

(Pls.' Resp. at 4, ECF No. 182.) Simply because Plaintiffs failed to follow Local Rule 7(a)(1) in the past without repercussion does not mean that further disregard for this Court's Local Rules is acceptable.

Further, while the would-be intervenors and Plaintiffs contend that their failure to comply with Local Rule 7(a)(1) caused no prejudice to Defendant, the undersigned does not agree. The would-be intervenors' and Plaintiffs' reply papers are more robust in argument than their original papers and, as Defendant contends,

appears to broaden the scope of the would-be intervenors' original argument regarding intervention. Indeed, the undersigned is not persuaded by the would-be intervenors' argument that their initial brief in support of their motion to intervene asserted that intervenor was proper under both F.R.C.P. 24(a)—joinder as of right—and F.R.C.P. 24(b)—permissive joinder. The would-be intervenors' initial brief clearly states that, on behalf of the twelve individuals, the would-be intervenors "hereby move pursuant to Fed. R. Civ. P. 24 to intervene in the above titled action *as a matter of right*." (Pls.' Mem. of Law at 2, ECF No. 177-1, emphasis added.) The word "permissive" is not mentioned once in that brief.

Additionally, Defendant had no notice that the would-be intervenors intended to seek intervention under F.R.C.P. 24(b). While the would-be intervenors and Plaintiffs contend that Defendant "fully opposed every argument raised by Plaintiffs" in its response brief opposing the motion to intervene or amend (Pls.' Resp. at 3–4, ECF No. 182), this is not accurate as Defendants did not address whether permissive joinder of the twelve individuals would be proper, focusing instead on the would-be intervenors' arguments from their initial brief regarding the propriety of intervention as of right or permitting Plaintiffs to amend their complaint. (Def.'s Resp., ECF No. 178.) Under this set of facts, consideration by the undersigned of the reply papers would be akin to placing a rubber stamp on any attempt, whether purposeful or not, to sandbag Defendant.

The undersigned finds that the would-be intervenors and Plaintiffs had notice of Local Rule 7(a)(1) or should have had notice and failed to read the Rule. Either

way, and acknowledging that striking the reply is a drastic remedy, the undersigned seeks to enforce the Local Rules carefully promulgated by judges and practitioners in the Western District of New York the would-be intervenors' and Plaintiffs' repeated violations of Rule 7(a)(1) warrants a drastic remedy. Further, the rights of the twelve individuals seeking to intervene will not be "severely restricted" if striking the reply papers results in a denial of the motion to intervene or amend because, as the would-be intervenors and Plaintiffs have acknowledged (Pls.' Mem. of Law at 5 n.4, ECF No. 177-1), the twelve individuals can commence their own actions to assert their claims.

Accordingly, the undersigned recommends that the District Court grant with prejudice Defendant's motion to strike the would-be intervenors' and Plaintiffs' reply papers in connection with their motion to intervene or amend (ECF No. 181).

***Motion to Intervene or, in the Alternative, Motion to Amend.***

***Intervention as of right under F.R.C.P. 24(a).***

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as a matter of right by a non-party into an ongoing litigation. It provides that

> [u]pon timely application anyone shall be permitted to intervene in an action ...
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

The Second Circuit has provided:

> Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001) (citation omitted); *Calderon v. Clearview AI, Inc.*, No. 20 CIV. 1296 (CM), 2020 WL 2792979, at *3 (S.D.N.Y. May 29, 2020). "A would-be intervenor's failure to meet all of these requirements justifies the denial of its motion." *Butler, Fitzgerald & Potter*, 250 F.3d at 176.

Here, the would-be intervenors do not identify the test provided by the Second Circuit to intervene as of right. However, in reviewing their papers, they have only satisfied the first criteria—that the motion to intervene is timely—and Defendant has not argued otherwise. (Pls.' Mem. of Law at 2–6, ECF No. 177-1.) Since they did not satisfy all four criteria, the undersigned recommends that the District Court deny the motion to intervene as of right (ECF No. 177).

### *Permissive intervention pursuant to F.R.C.P. 24(b).*

While the undersigned does not believe that the would-be intervenors moved under F.R.C.P. 24(b) for permissive intervention in their initial brief, the undersigned will nevertheless address it out of an abundance of caution. F.R.C.P. 24(b) provides:

> **(b) Permissive Intervention.**
> **(1) *In General.*** On timely motion, the court may permit anyone to intervene who:

> **(A)** is given a conditional right to intervene by a federal statute; or
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b). "Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, No. 5:12-CV-911 GLS/DEP, 2014 WL 4199244, at *7 (N.D.N.Y. Aug. 21, 2014) (quoting *Secs. & Exch. Comm'n v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972); *Cantazano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996) ("The district court has broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2).").

A court considering whether to grant a request for permissive intervention must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) ("The principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.") (internal quotations and citation omitted); *PPC Broadband, Inc.*, 2014 WL 4199244, at *7 (In determining whether to permit intervention "a court must examine whether intervention will prejudice the parties to the action or cause [undue] delay.").

Again, the would-be intervenors did not address whether their claims align with a common question of law or fact in the action in which they seek to intervene. Nor did they address the concomitant considerations of whether their inclusion in

11

this action would prejudice Defendant or cause undue delay. However, after reviewing Judge Geraci's decision to decertify the class, it appears that adding the would-be intervenors would cause undue delay and prejudice Defendant based upon Judge Geraci's findings as follows:

> Plaintiffs argue that, despite these differences, all Plaintiffs were subject to HDL's classification of them as independent contractors and that this is sufficient to establish commonality and predominance. But courts have found that such a uniform, common scheme is not sufficient to establish a class, where, as here, Plaintiffs' relationships with the alleged employer varied greatly.
> . . .
> The Court concludes that the common question of whether HDL misclassified drivers as independent contractors will not yield a common answer. Instead, answering that question will require fact- and driver-specific analysis to determine the degree of control HDL exerted over each individual driver. The differences in drivers' experiences also demonstrate that common facts do not predominate.

(Decision & Order re: decertification at 13, ECF No. 168.) In other words, it appears that permitting intervention would necessarily delay this matter because of the variance of facts and the differing nature of the would-be intervenors' relationships with Defendant. Indeed, adding twelve more plaintiffs with greatly varying relationships with Defendant does not make it appear as though granting the motion to intervene would be the most efficient method of handling this matter. For these reasons the undersigned recommends that the District Judge deny the motion to intervene to the extent it was made pursuant to F.R.C.P. 24(b).

### *Amending the complaint pursuant to F.R.C.P. 15.*

In the alternative to seeking intervention, Plaintiffs seek to amend the complaint to add the 12 individuals as parties pursuant to Rule 15. (Pls.' Mem. of

Law at 6–7, ECF No. 177-1.) There does not appear to be a consensus in case law as to whether a motion to amend is appropriate at this procedural posture. *See, e.g., Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) ("[C]lass members may choose to file their own suits or to intervene as plaintiffs in the pending action."); *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313, 335 (E.D.N.Y. 2014) ("[t]he class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the named Plaintiffs have the option of pursuing their claims on individual bases."); *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) ("Federal Rule of Civil Procedure 15(a) advocates a broad entitlement to the amendment of pleadings. Here, the existing plaintiffs move to add additional plaintiffs pursuant to Rule 15(a). This Court finds no legal impediment to such a motion. Nothing in the text of Rule 15, the advisory committee's notes, or any relevant case law, proscribes a plaintiff's right to add parties via a motion to amend.").

Rule 15(a)(2) provides, in relevant part, that a party may amend the complaint with court leave and that "[t]he court should freely give leave when justice so requires." *Id.* "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co., Inc.*, 545 F. Supp. 3d 21, 24 (W.D.N.Y. 2021) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). It may be proper to deny a motion to amend where the amendment would be futile and "a proposed amendment 'is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'" *Id.* (quoting *Lucente v. Int'l*

13

*Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile." *Id.* at 24 (*quoting Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 268 (W.D.N.Y. 2015) (citation omitted)).

Here, the undersigned could recommend that the District Court grant the amendment under Rule 15. However, that would then require severance because class discovery revealed widely varying facts regarding Defendant's relationship with the would-be plaintiffs as Judge Geraci already determined that their claims are not transactionally similar. As a result of this variance of facts, combining the would-be plaintiffs into this case would result in essentially conducting many mini-trials. Accordingly, the undersigned recommends that Plaintiffs' motion to amend be denied. Plaintiffs are directed to file an amended complaint that complies with F.R.C.P. 20. Any parties not properly joined may commence a separate action. *Gavenda v. Orleans Cnty.*, No. 97-CV-0074E(SC), 1997 WL 662353, at *2–3 (W.D.N.Y. Oct. 24, 1997).

## CONCLUSION

Based on the forgoing, the undersigned recommends that the District Court deny the would-be intervenors' motion to intervene and Plaintiffs' motion to amend the complaint, and grant with prejudice Defendant's motion to strike the would-be intervenors' and Plaintiffs' reply papers submitted in further support of the motion to intervene or amend the complaint. Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u> *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.</u>

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED: November 29, 2022
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge